# Haley *against* Prosser.

Where there is a special contract between a mechanic and the owner or builder of a house for the work which the former is to do in constructing the house, he must look to his contract alone for his security, and cannot resort to the remedy which the mechanics' lien law provides.

ERROR to the District Court of *Allegheny* county.

David Prosser against Frederick Haley. *Scire facias sur* mechanics' lien. The plaintiff's claim was filed under the mechanics' lien law for the carpenter-work done by him for the defendant in building a house, to the amount of $226.45. The defendant pleaded to the *scire facias* "that the plaintiff did the work claimed for in this case under a special contract with the defendant, and that he is not entitled to a lien under the Act of Assembly, &c." The plaintiff replied, denying the defendant's plea.

The plaintiff having proved the amount of work done, the defendant gave him notice to produce a contract entered into between them for the work. The plaintiff refused to produce it. The defendant then proved its existence in the hands of the plaintiff, and offered in evidence a copy of it, by the terms of which the work to be done was stipulated, and that the plaintiff was to be paid partly in bricks, to be delivered to him by the defendant. It was also proved that before the suit brought the parties had

VIII. — M

[Haley v. Prosser.]

had a settlement of the amount of work done, and that it amounted to $163.65. The defendant requested the court to charge the jury that if there was a special contract between the parties, under which the work was done, the amount due to the plaintiff was not the subject of a mechanic's lien, and that no *scire facias* could be maintained upon it. But the court below was of a different opinion, and directed the jury that the plaintiff was entitled to recover. Verdict and judgment for $179.94.

*Hamilton*, for plaintiff in error, whom the court declined to hear.

*M'Clure* and *M'Candless*, contra, cited 4 *Watts & Serg.* 257; 14 *Serg. & Rawle* 32; 5 *Watts & Serg.* 537.

PER CURIAM.—We have heretofore ruled that where there is a special contract with the owner, the party who deals with him must provide for his own security; but that where there is no agreement in which the terms of the bargain are particularly stated, he is supposed to contract on the basis of the law. Indeed the specification, required by the statute, of "the nature or kind of the work done, or the kind and amount of materials furnished, and the time when the materials were furnished or the work was done," is inapplicable to a lumping case, in which the party has contracted for a round sum, or, as in this case, for a given number of bricks. The object originally, in the contemplation of the Legislature, was to secure those who furnish labour or materials to a mere builder, without knowing the owner, or having an opportunity to secure themselves; but the words of the law are certainly applicable to cases in which the owner is his own builder. Where, however, the rights and responsibilities are defined by a bargain, neither is at liberty to claim anything beyond the terms of it.

Judgment reversed.