# THE SUPREME COURT

OF

# PENNSYLVANIA.

——————

WESTERN DISTRICT, SEPTEMBER TERM, 1848.

PITTSBURGH.

——————

## O'BRIEN *v.* LOGAN.

A reference to a special contract in a mechanic's claim is unnecessary.

IN error from the District Court of Allegheny.

This was a *scire facias* on a mechanic's claim, in which a verdict was entered for the plaintiff, subject to the opinion of the court on points reserved. These were stated to be:—1. There being a special contract, whether the claim filed generally, without reference to the contract, was valid, and whether the evidence supported the claim. The court considered that the claim was untrue, for want of a statement of the contract, and that the evidence did not support the claim.

2. The claim was filed July 17, 1844, and the owner had conveyed on the 13th of the same month. The court considered the vendee was not liable to the claim rendered valid by the act of 1845.

*McCandless* and *McClure,* for plaintiff in error.

*Thomas Williams,* contrà.

*Sept.* 18. COULTER, J. (after stating the case.)—The court say that the evidence does not sustain the plaintiff's claim. The evidence is not on the paper-book; and it is therefore impossible for

us to say whether it did support the plaintiff's claim or not. There is room to infer that the court considered the exhibition of the contract by the plaintiff as a variance, and that the *allegata* and *probata* did not therefore correspond.   As the sufficiency of the evidence to support the claim belonged to the jury in a great measure, we presume not that its alleged insufficiency was the occasion of a judgment *non obstant* *veredicto*.   I dismiss, therefore, that part of the first point, and proceed to consider whether it was indispensable that the plaintiff should have set out his written contract in his statement of his claim.   In the case of Haley *v.* Prosser, 8 W. & S. 133, it was ruled by this court, that where there is a special contract between the owner or builder for the work which the former is to do, or the materials which he is to furnish, he must look to his contract alone *for his security; and that he cannot resort to the remedy which the mechanics' lien law provides.   The same principle had been ruled in Haley *v.* Patterson, 5 W. & S. 537.   The legislature seemed to think that this was not a correct construction of the act of 1836, and they set themselves about amending it, by the act of 1845, in which they declare that the act of 1836, according to the true intent and meaning thereof, extends to and embraces claims for labour done and materials furnished and used in erecting any building, in pursuance of any contract for erecting the same, and that no claim which has been or may be filed against any house, or the lien thereof, *or any proceedings thereon*, shall be in any manner affected by reason of any contract, but the same shall be held good and valid as if the same had not been executed by contract.   It is very certain that the intent of the legislature in this law was to strip the mechanic's claim from all connexion with any contract on the subject.   Indeed there is some glimmering of such an intent in the act of 1836, because the 27th section of that act provides that nothing in this act contained shall be construed to impair or otherwise affect the right of any person to whom any debt may be due for work done or materials furnished, to maintain any personal action against the owner of the building or any other person liable therefor, to recover the amount of such debt.   Be that as it may, however, the judiciary expounded the law differently, which finally produced the law of 1845.   It is of no consequence by what name in the nomen-clature of statutes it is called, whether remedial, declaratory, or retroactive, it has undergone the ordeal and come out unscathed as between the original parties, and between them alone we may fairly presume the legislature intended it to operate.   The act has

been reviewed in the case of Bolton *v.* Johns et al. 5 Barr, 145, and declared to be constitutional between the original parties; and it is now as between the original parties that I am considering the case. This decision precludes the necessity of any farther inquiry. It is too fresh in the odour of judicial sanctity to admit of doubt or question. If, then, the legislature could enact that a claim previously filed without regard to a contract for work done and materials furnished under a contract was good and valid, does it not necessarily follow and imply that a reference to the contract was superfluous? especially as the law provides that no claim which has been or may be filed, or the. lien thereof, *or any proceeding thereon*, shall in any manner be affected by reason of any contract being entered into for the erection of such building, but the lien shall be as good and valid as if there had been no contract. This language is so full and imperative as to dispense with the necessity of setting out a contract which had no dominion over the remedy provided by the statute. It is abundantly manifest that the intention of the legislature by the helping act of 1845, was to make the remedy by filing a claim for work and materials totally independent of the remedy on special contract. And however these kind of statutes may be objected to, they have been sanctioned by numerous decisions of this court since the case of Bleakney *v.* Farmers' and Mechanics' Bank of Greencastle, followed by many others, and terminating with Bolton *v.* Johns et al. The defendant is deprived of no advantage or right by reason of the contract not having been referred to. In all cases where there is a special contract, under the provisions of which the defendant seeks to shield himself, he may plead it, and aver that the plaintiff has not performed his part, or that the time of payment has not arrived, or any other matter or thing arising out of the contract, which would be a good defence. The whole matter can be adjudicated in such proceeding as well as if the plaintiff had set out his special contract.

As to the second point, to wit: "Is the claim filed a lien upon the building in the hands of the defendant's vendee?" it is ruled by the case already cited, Bolton *v.* Johns et al. 5 Barr, 145.

It is there decided that the act of 1845 is good between the original parties and volunteers; that is, those who have not purchased and paid the whole of the consideration before the passage of the act, or, in other words, whilst the lien was invalid under the decision first referred to. A deed from the owner of the building, a receipt for the purchase-money, or taking security, was held to

be insufficient. Nothing but actual payment of the money protected the purchaser. In that case there was a deed to the purchaser, with a receipt for the purchase-money, and such is the case here; but it does not appear that the actual payment was made a question in the court below, nor was it made in the case of Bolton v. Johns. The cases are precisely similar, and I transcribe from the close of the opinion of the Chief Justice in that case, the intimation to the court below, which embraces the whole of the law as applicable to the second point reserved.

"The cause therefore goes back for trial, with an intimation that it ought to be left to the jury with a direction to find for the *terre tenants* generally, if they shall prove that they have paid the entire purchase-money—not merely secured it—or for the plaintiffs to the amount of the unpaid residue, if their demand shall reach so far, or their whole demand, if nothing has been paid, and that the burthen of proof is on the *terre tenants.*"

Judgment reversed, and a *venire de novo* awarded.