NOTE.—See Com. v. Eitler, 2 D. & C. 33; Com. v. Kekic, 3 D. & C. 273; Com. v. Street, 3 D. & C. 783.

---

## Slezak v. Ziberna et ux.

*Mechanics' liens—Contract—Claim—Quantity of ground—Motion to strike off — Lumping charges — Rule to issue scire facias — Waiver of defects — Amendment—Act of April 17, 1905.*

1. Under the Act of April 17, 1905, P. L. 172, the contract need not be attached to a mechanic's claim as filed.

2. On a motion to strike off a mechanic's lien, the fact that the quantity of ground against which the lien was filed is more than necessary cannot be considered.

3. While lumping charges are, as a general rule, not proper and will not be sufficient to sustain a mechanic's lien filed by a sub-contractor, yet less particularity is required when a lien is filed by a contractor directly against the owner.

4. If one item is sufficiently averred, a rule to strike off the entire claim must fail.

5. Where a defendant files an affidavit of defence to a *scire facias sur* mechanic's lien, he is deemed to have waived his formal objections to the lien, and this is also the case where the defendant takes a rule on the claimant to issue a *scire facias*.

6. An amendment of a mechanic's lien will not be allowed where the application for the amendment fails to comply with section 5 of the Act of April 17, 1905, P. L. 172.

Rule to strike off mechanic's lien. C. P. Beaver Co., Dec. T., 1922, No. 1.

A. G. Helbling, for plaintiff.

Reed, Leonard, Coghlan & Smith, for defendants.

BALDWIN, P. J., Aug. 20, 1923.—Plaintiff filed this lien for labor and material alleged to have been furnished in the erection of a certain building which plaintiff contracted to construct for defendants on certain lots situate in the

Slezak v. Ziberna et ux.

Borough of Ambridge. The lien alleges that after said labor and materials had been furnished, the defendants stopped the work. The lien seems to have been drawn under the Act of June 4, 1901, P. L. 431, which requires certain matters to be set out therein which are not required by the Act of April 17, 1905, P. L. 172. The Act of 1905, it is to be noted, practically re-enacts the 11th section of the Act of June 16, 1836, P. L. 695, under which liens of this character were filed prior to the enactment of the Act of 1901. Defendants have filed a motion to strike off the lien and assign seven reasons in support of said motion.

The first reason is that a copy of the contract is not attached to the lien, although so stated therein. It is true that the Act of 1901 required that the contract under which the plaintiff claimed should be set forth in the lien; but this is not necessary under the Act of 1905. This reason, accordingly, cannot be sustained.

The second reason is that the lien does not set forth the locality of the structure with sufficient description of the real estate upon which the same is situate. This reason cannot be sustained. The lien describes the lots by their numbers and plan, and sufficiently describes the structure as it was when plaintiff left the work.

The seventh reason attacks the quantity of ground against which the lien is filed as "more than reasonably necessary." This objection cannot be considered in support of a motion to strike off a lien.

The third, fourth, fifth and sixth reasons attack the sufficiency of the description of the work done and materials furnished, averring that the same are no more than lumping charges. While lumping charges are, as a general rule, not proper and will not be sufficient to sustain a lien filed by a sub-contractor, yet less particularity is required when a lien is filed by a contractor directly against the owner: Chapman v. Faith, 18 Pa. Superior Ct. 578. Furthermore, if one item is sufficiently averred, a rule to strike off the entire claim must fail: McCristal v. Cochran, 147 Pa. 225. It would seem clear that plaintiff could not sustain such items as "charge for plans and specifications, $75," and "having survey made, $10." But he might, under the decisions, sustain such items as "excavating, $75:" Young v. Lyman, 9 Pa. 449.

But the record in this case discloses a sufficient reason why the lien cannot be struck off. The record shows that defendants, on Feb. 24, 1923, ruled plaintiff to issue a scire facias; whereupon plaintiff issued a scire facias on March 9, 1923. It has been settled that where a defendant files an affidavit of defence to a scire facias (or, under the old practice, entered a plea), he is deemed to waive his objections to formal defects in the lien. So, where a defendant rules a plaintiff to issue a scire facias on his lien, he takes a step to force the plaintiff to proceed to a trial on the merits, and must be deemed to waive his right, if any he has, to have the lien struck off. As we view it, defendants' rule to issue a scire facias is a recognition of the lien as such, and is a waiver of formal objections thereto.

The plaintiff, in his answer to the rule, prays for permission to amend the lien by adding thereto a copy of the contract in writing referred to in the lien. The practice of moving for an amendment in an answer to a rule to strike off is not to be commended; but we cannot allow the amendment for the reason that the application therefor does not comply with section 51 of the Act of 1901: Dyer v. Wallace, 264 Pa. 169 (176).

The instant rule will accordingly be discharged.

Order.—Now, Aug. 20, 1923, rule discharged.

From F. H. Laird, Beaver, Pa.