498

Kreitner Bros., Inc., v. Lake Rose Realty Company et al.

*Greene & Male*, for plaintiff.
*A. G. Rutherford* and *Ira B. Rutherford*, for defendants.

Swoyer, P. J., February 24, 1934.—This matter is before the court on a rule to show cause why certain defendants named in a mechanic's lien entered to the above stated number and term should not be stricken off as defendants therein.

The contention of the proponents of the rule, as stated by them, is as follows:

"Must a mechanic's lien, filed under the Mechanics' Lien Act of 1901 and its supplements, allege some contract between the owners or reputed owners against whom the lien is to be filed or against whose interest in certain premises a lien is to be filed, and the party claiming the lien?"

If this were the only proposition before the court in this case, the disposition thereof would be simple, for the reason that the weight of the later decisions in point seems to be that it is unnecessary in filing a mechanic's lien, if the other statutory requirements are met, to set forth the contract in the statement.

The necessity of setting forth the contract was provided in the original Mechanics' Lien Act of June 16, 1836, P. L. 695, which necessity was removed by the amending Act of April 16, 1845, P. L. 538, and not reinstated by the later Acts of June 4, 1901, P. L. 431, and April 17, 1905, P. L. 172. The earliest decision which we find bearing upon this point is that in O'Brien v. Logan, 9 Pa. 97, which appears to have remained unchanged by any later decisions. In this decision, handed down in 1848, the court says (p. 99):

"If, then, the legislature could enact that a claim previously filed without regard to a contract for work done and materials furnished under a contract was good and valid, does it not necessarily follow and imply that a reference to the contract was superfluous? especially as the law provides that no claim which has been or may be filed, or the lien thereof, *or any proceeding thereon*, shall in any manner be affected by reason of any contract being entered into for the erection of such building, but the lien shall be as good and valid as if there had been no contract. This language is so full and imperative as to dispense with the necessity of setting out a contract which had no dominion over the remedy provided by the statute. It is abundantly manifest that the intention of the legislature by the helping act of 1845, was to make the remedy by filing a claim for work and materials totally independent of the remedy on special contract. And however this kind of statutes may be objected to, they have

been sanctioned by numerous decisions of this court. . . . The defendant is deprived of no advantage or right by reason of the contract not having been referred to."

There is in this case, however, more than the simple determination of the necessity or non-necessity of setting forth the contract in the lien. It appears from the undisputed testimony (1) that the petitioning defendants were not express parties to the contract; (2) that they are tenants in common with Lake Rose Realty Company, Inc., in the lands subject to the lien; (3) that they had knowledge of the contract or at least of the erection of the buildings; and (4) that they neither objected to the construction at the time, nor did they afterwards within 10 days repudiate the contract implied by such erection.

Section 1 of the Mechanics' Lien Act of 1901 says:

"The word 'owner' means an owner in fee, a tenant for life or years; or one having any estate or interest in the property described in the claim who, by contract or agreement, express or implied, in person or by another, contracts for the erection, construction or removal of the structure or other improvement, or any part thereof; for the addition thereto, for the alteration or repair thereof, or for the fitting up or equipping the same, from time to time, for the purpose for which it is intended."

From this section of the act, we must find that any person to be bound by a lien must not only have an interest in the land within the limitations set forth, but must be, either expressly or by implication, a party to the contract. Obviously, the petitioning defendants were not through any act of their own express parties to the contract, nor could they have been made so by any act of their cotenant, Lake Rose Realty Company, Inc., for the law is clear that one tenant in common cannot, except in case of necessity, bind the other cotenants by a contract for construction, alteration, or repairs. The following excerpt, amply sustained by decisions of our higher courts, correctly states the rule:

"The mere relation of cotenancy between owners of property gives rise to no power on the part of one to render his cotenants liable to himself, or to bind third persons by any expenditures he may make, or contracts he may enter into. He cannot compel his associates to coöperate with him in the employment of the common property, nor can he, by a voluntary expenditure, without authority from them, constitute himself their debtor [creditor] or by contracts with third persons render them liable to the latter": 7 R. C. L. 874, sec. 68.

But there still remains the proposition as to whether or not the petitioning defendants, while not express parties to the contract and not bound by the act of their cotenant, have consented to or ratified the contract in such manner as to render their interests in the land subject to lien. We believe that the answer to this proposition lies in the Mechanics' Lien Act itself.

Section 1 of the Act of 1901, previously recited, defines the classes of owners who may be bound by lien, specifically including therein persons who, by act of themselves or of another, are expressly or by implication parties to the contract. We are not required to search the text or the definitions in order to determine what constitutes an implied joinder—the necessary requirements and the procedure to avoid contractual liability are both set forth in the act. In section 4 we find:

"Any owner, not being a committee, guardian or trustee, as aforesaid, who shall knowingly suffer or permit any person, acting as if he were the owner, to make a contract for which a claim could be filed, without objecting thereto at the time, shall be treated as ratifying the act of such person acting as if he were the owner, and the claim may be filed against the real owner, with the same effect as if he himself had made the contract. Ratification shall also be pre-

500

sumed and a like subjection to lien shall follow, if the owner, not being a committee, guardian or trustee, as aforesaid, subsequently learning of such contract or of work being done upon his property, shall not, within ten days thereafter, repudiate the same, either by notice to the contractor and sub-contractors or by posting such repudiation on the most public part of the structure or other improvement."

Interpreting this section, the Lackawanna County courts have held:

"When the owner of a building knowingly suffers another person to act as if he were the owner, a lien may be filed against the real owner with the same effect as if he himself had made the contract": Whipple Bros., Inc., v. Basch, 33 Lacka. 67 (1932).

The procedure under a mechanic's lien is strictly statutory, and the rule that in such cases the statute must be strictly followed is mandatory equally upon the plaintiff and the defendant. If, therefore, the petitioning defendants had knowledge of the contract or of the construction and failed within 10 days thereafter to repudiate the contract, then they are properly named as defendants in this action, and their interest in the property is subject to the lien.

### Order

Now, therefore, February 24, 1934, the rule in this case to show cause why the names of Eva Bodie, Leslie C. Spry, Winnie W. Spry, and Violet Spry Van Etten should not be stricken off as defendants is discharged at the cost of the petitioners.