## Tilford *against* Wallace.

3 W  141<br>219    583

The privilege conferred by the law of mechanic's lien, is derived entirely from statutory provision, and cannot be carried beyond the extent of the grant by act of assembly.  Where, therefore, a proceeding on a mechanic's lien was instituted, under an act extending the law. to the village of Lawrenceville, and the building was described in the original lien and in the *scire facias* as being *between* the turnpike road and the village, and was proved on the trial to be upon an outlot adjoining it, the mechanic's lien law does not attach; neither does it extend to a village without a name.

WRIT of error to the court of common pleas of *Alleghany* county.  This was a *scire facias* upon a mechanic's lien, brought by Robert Wallace against James Tilford, the plaintiff in error.  The lien was filed against a brick house "situate on an eminence between the Pittsburgh and Greensburgh turnpike, and the village of Lawrenceville."  The *scire facias* recited the words of the lien, as to the situation of the building.  On the trial of the cause in the court below, it was in proof that the building was not in the village of Lawrenceville, or in any village possessing a name, but was in the midst of a collection of buildings adjoining Lawrenceville.  The plan of Lawrenceville, on record in the recorder's office, also showed it to be out of the town.  One witness testified that the ground on which it was erected, was then considered an outlot of Lawrenceville, although it had not been formerly in the town.

The counsel of Tilford prayed the court to instruct the jury, that the plaintiff, having filed his mechanic's lien against a house between

the town or village of Lawrenceville and the turnpike, was not entitled to the benefit of the mechanic's lien law, and was estopped from showing that the building was now, although not formerly, on what is considered an outlot of the town; and that the fact of the plan on record showing that the property of Tilford was without the town, was also conclusive upon the subject. This instruction the court below refused to give, but charged the jury that the plaintiff was not, on account of any of the objections stated, deprived of the benefit of his mechanic's lien; that he was not estopped, as was contended for by the counsel of Tilford; and that the fact of the plan on record placing the property without the village, did not exclude the plaintiff, but that he might show by other evidence that the house was notoriously within the town; of which fact, if the jury were satisfied, the plaintiff was entitled to their verdict. Verdict and judgment were therefore rendered for 211 dollars 54 cents in favour of Wallace.

Error assigned.

The court erred in charging the jury that the plaintiff was not estopped from showing that the house, against which his lien was filed, was on an outlot of the village of Lawrenceville, although previous thereto it had not been so deemed; and that if the jury thought it was on such outlot, the plaintiff could recover.

*Burke* and *Fetterman*, for plaintiff in error.

The act of 22d March 1817, *Pamph. Law of* 1816, 1817, *page* 144, extended the mechanic's lien law to Lawrenceville and all other towns and villages within ten miles of Pittsburgh. When that act was passed, the ground on which the building in question stands was not in the town. The deed under which Tilford holds, mentions it as an outlot of Lawrenceville. The plan on record, the original lien, and the *scire facias*, all put it out of the village, and do not set forth sufficient grounds to sustain the action, or to bring the case within the operation of the law. The plaintiff was estopped by the description in his lien, and the recital in his *scire facias*, from giving evidence to vary the situation of the property. 2 *Cowen* 628; 9 *Dane's Ab.* 130; 3 *Com. Dig.* 195; 1 *Co. Lit.* 352.

*Forward*, for defendant in error,

Admitted that the plan of Lawrenceville did not embrace this lot. The question is, whether it is necessary that a village should have a legal name in order that the mechanic's lien law may attach? Where this building is situated there is a village in fact. There are a number of villages around Pittsburgh, which, like this, have not fixed or legal names; but they are all embraced within the spirit and reason of the law.

The opinion of the Court was delivered by

SERGEANT, J.—By an act of assembly, passed the 22d of March

[Tilford v. Wallace.]

1817, the operation of the acts granting to mechanics and others a lien on buildings, was extended to a number of towns in the state, and among the rest to Lawrenceville, in Alleghany county. This village was laid out within about two miles of Pittsburgh, and a plan of it filed in the recorder's office. Some time after, the plaintiff below erected a building for the defendant, not within the limits of the village, but on an outlot adjacent to it, and filed his claim for a lien under this act, describing it to be erected " on an eminence between the Pittsburgh and Greensburgh turnpike road and the village of Lawrenceville, and overlooking said village." The court below instructed the jury that the plaintiff, notwithstanding the plan recorded and the description in the plaintiff's claim, might show that the house was notoriously within the town or village of Lawrenceville; and if the jury were satisfied of that, the plaintiff was entitled to recover.

That the building was not within the town of Lawrenceville, but on an outlot adjoining, was fully proved in the court below, and was admitted in the argument here. It is impossible therefore that the plaintiff's claim can come within the act of assembly, which confines the right of a lien strictly to the town of Lawrenceville. A lien for work and materials on the building is a privilege derived entirely from statutory provision, and cannot be maintained beyond the extent of the grant by act of assembly. It seems clear, therefore, that the plaintiff's claim to a lien cannot be supported on this ground.

Another ground taken by the counsel for the plaintiff in error is, "that the act of the 22d of March 1817 extends to all other towns and villages that are or may be laid out within ten miles of the city of Pittsburgh," and that the place where the building was erected, though not a part of Lawrenceville, was a village or town within the act. It is difficult to conceive of a town or village, that has a legal existence as such, without a name. A name is essential to a corporation or social entity, whether for municipal or other purposes. No other village was ever pretended to exist adjacent to Lawrenceville; and there appears no ground whatever on which this suggestion can be supported.

Judgment reversed.