# Deeds v. Imperial Brick Company, Appellant.

*Mechanic's lien—Contract—Superintendence of building—Breach of contract.*

A lien for work and materials on a building is a privilege derived entirely from statutory provision, and cannot be maintained for anything not actually furnished.

On a scire facias sur mechanic's lien where it appears that the plaintiffs were to receive ten per cent for superintendence based on the entire cost of the plant, and it also appears that they were dismissed before the building was completed, it is reversible error for the court to charge that if the jury found that the defendant had discharged plaintiffs from the work without justifying cause before its completion, they should render a verdict in plaintiffs' favor for the full amount, the latter would be entitled to had they performed in full their contract, that is to say, for ten per cent of the entire cost of the completed building.

Argued Nov. 8, 1907. Appeal, No. 143, Oct.· T., 1907, by defendant, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1904, No. 502, on verdict for plaintiffs in case of George H. Deeds and James A. Deeds, Copartners as Deeds Brothers, v. Imperial Brick Company. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Scire facias sur mechanic's lien.

Evans, J., charged in part as follows :

[If you determine that the terms of the contract were that the plaintiffs were to superintend this building to its completion, then the plaintiffs are entitled to recover ten per cent upon the cost of construction of the building, exclusive of whatever items you will find it was agreed that they were not to receive ten per cent upon, the machinery, the brick, and if you find that they were not to have it, ten per cent on the wages of the foreman.] [1]

[If you find that the plaintiffs were subject to dismissal at any time then their rights would terminate at the time of that dismissal. If you find that their commissions were based upon the entire cost of the building and that no right to dismiss them was reserved in the contract, then their commission should be based upon the entire cost of construction, eliminating or taking out those items which by the terms of the agreement they were not entitled to receive commissions upon.] [2]

Defendant presented this point.   This being a proceeding upon a mechanic's lien, the plaintiffs cannot recover in this action except for superintendence actually done up to the time they were discharged and material then purchased under the contract.   *Answer :* Refused. [3]

*Errors assigned* were (1–3) above instructions, quoting them.

*S. S. Robertson,* with him *W. O. McNary,* for appellant.— Under an entire contract a material man's lien cannot be made available by part performance : Maryland Brick Co. v. Spilman, 76 Md. 337.

On the other hand, where the contract fails of completion by the fault of the owner, the contractor is entitled to his lien to the extent of his actual performance : Canal Co. v. Gordon, 6 Wall. 561 ; Dennistoun v. McAllister, 4 E. D. Smith (N. Y.), 729 ; Doll v. Coogan, 48 App. Div. (N. Y.) 121.

Damages for breach of contract in the construction of buildings recoverable by one principal contractor or subcontractor do not constitute a lienable claim : Seeman v. Bie-

mann, 108 Wisconsin, 365; St. Johns, etc., R. R. Co. v. Bartola, 28 Fla. 82 (9 So. Repr. 853); Stephens v. Bishoff, 13 Pa. Superior Ct. 7.

*A. B. Reid,* with him *A. V. D. Watterson,* for appellees.—
There are a number of well-reasoned cases which hold that where a person having a contract to perform labor or furnish materials is improperly prevented by the owner from completing his contract, he may file his lien for the entire amount, and the owner may show, as against such claim, the reasonable cost of completion, among them : Kipp v. Massin, 15 Ill. App. 300 ; Graf v. Cunningham, 109 N. Y. 369; Kenney v. Apgar, 93 N. Y. 539; Charnley v. Honig, 74 Wis. 163 ; Fitzgerald v. Walsh, 107 Wis. 92; Huttig Bros. Mfg. Co. v. Denny Hotel Co., 6 Wash. 122 (32 Pac. Repr. 1073); Trammel v. Mount, 68 Tex. 210 (4 S. W. Repr. 377 ); Linden Steel Co. v. Refining Co., 146 Pa. 4; Harner v. Thomas, 10 Pa. Dist. Rep. 487.

Opinion by Mr. Justice Stewart, January 6, 1908:
From the nature and character of the affidavit of defense filed, and the manner in which this case was proceeded with, we must conclude that the effort of both sides, to some extent at least, was to try the case upon its merits. The attempt led to peculiar results. Ordinarily the affidavit of defense constitutes no part of the pleadings, but our recent act relating to mechanics' liens contemplates that the real issue in such cases is to be defined through affidavit and counter affidavit. The issue of fact upon which the case was made to turn, would not have been possible under the plaintiffs' statement of claim according to the ordinary rules of pleading. The claim filed set out a contract with the defendant company, to superintend for it the erection and construction of the buildings therein described, and to purchase the materials and secure the labor required ; for which service plaintiffs were to receive as compensation ten per cent of the entire cost of the buildings, certain items to be excluded. It averred further that the service plaintiffs had contracted to perform had been rendered, and the demand was for the sum stipulated, based on the entire cost. The contract here set up was an entire one, and the

plaintiffs' right to recover anything thereunder depended upon full performance by them: Shaw v. Turnpike, 2 P. & W. 454. Had the defense been made to rest on plaintiffs' failure to perform in full, it must have ended the plaintiffs' case, since it was admitted very early upon the trial that plaintiffs were dismissed from the work long before its completion, and that thereafter they had no connection with it. While the fact of dismissal was stated in the affidavit of defense, it was not there stated as a substantive defense on which defendant relied, but was referred to only in connection with matters of set-off which were specially set out. The reference to it was introduced only to limit and restrict plaintiffs' right of recovery to services rendered before dismissal. This fully appears by the request for instruction submitted by defendant's counsel. The case as tried was made to turn upon the question whether defendant was justified in dismissing the plaintiffs. If issue had been joined on the averment of full performance, this question could not have been inquired into. It could have been pertinent only under a claim for the value of the labor performed, independent of the contract, on the ground that full performance of the contract had been prevented by defendant's unjustifiable interference. But here, and we must assume it to have been by mutual consent, since it was without objection, it was made the controlling question. In submitting it the court instructed the jury in the general charge that if they found that the defendant had discharged the plaintiffs from the work without justifying cause before its completion, they should render a verdict in plaintiffs' favor for the full amount they would be entitled to had they performed in full their contract; that is to say, for ten per cent of the entire cost of the completed building. The jury found for the plaintiffs, and rendered their verdict in accordance with the court's instruction. The instruction was manifestly erroneous. By no sort of construction can a mechanic's lien be made to embrace anything, whether labor or material, not actually furnished. Plaintiffs had a right to subject the buildings to a lien for the work they did upon and about its erection and construction; but a claim for anything beyond necessarily sounded in damages, and these can never be made the subject of a mechanic's lien. " A lien for work and materials on the,

building is a privilege derived entirely from statutory provision, and cannot be maintained beyond the express grant of the act of assembly:" Tilford v. Wallace, 3 Watts, 141. No where in our mechanic's lien law can be found even a suggestion that a lien may be maintained under it for anything not actually furnished, much less any express warrant. This instruction from the court having been assigned for error, it must be sustained.

Defendant's counsel submitted the following point : "This being a proceeding upon a mechanic's lien, the plaintiffs cannot recover in the action, except for superintendence actually done up to the time they were discharged and material then purchased under the contract." Here we have a standard for determining the amount plaintiffs are entitled to recover, quite as mistaken as that adopted by the court. Nothing short of an admitted agreement between the parties that it should be the proper standard could make it so. The case was tried on the lien as filed, for an entire contract, or it was tried apart from the contract on a quantum meruit, one or other. In neither case could the standard here set up obtain. The court committed no error in refusing the point, and the assignment relating to this action by the court is overruled. For the error committed by the court in the general charge to the jury, above referred to, the case must be sent back for another trial. Because of the pleadings and the manner in which the case was tried complications have resulted, but it is not for us to remove these.

Judgment reversed and venire facias de novo awarded.