## Shatzer v. Abbott's Alderney Dairies, Inc., et al.

*Robert W. Smith*, for plaintiff; *John Woodcock*, for defendant.

PATTERSON, P. J., July 27, 1928.—This is a motion to strike off mechanic's lien filed by the plaintiff for labor and materials used in the plumbing and drainage of a silk mill plant owned by the defendant. Also, for loss and damage sustained by the plaintiff by reason of a breach of the contract. The defendant assigns nine reasons to sustain the motion. The reasons, one to eight, inclusive, charge that the lien is defective, insufficient, and not within the requirements of the act of assembly as to the time the work was done; the items of work, labor and material furnished; the character of the estate involved; the contract with the owner; that the work as required was not fully performed; whether or not the contract was verbal or written; description of the work performed; and that the lien is defective and insufficient on its face and that it contains lumping charges.

It is necessary that the lien shall meet the requirements of the act: Dyer *v.* Wallace, 264 Pa. 169; Brant *v.* Hartrick, 60 Pa. Superior Ct. 507. The several defects as set forth in these assignments may be corrected by amendment and are not sufficient to sustain the rule to strike off the lien. In May *v.* Mora, 50 Pa. Superior Ct. 359, it is held: "The fifty-first section of the Act of 1901 in the following language conferred upon the present claimant the right to amend his lien and defined the limitations within which that right must be exercised: 'Any claim . . . may be amended from time to time . . . by leave of the court, upon petition for that purpose, under oath. Such amendment shall be of right, saving intervening rights; except that no amendment of the claim shall be allowed, after the time for its filing has expired, which undertakes to substitute an entirely different property from that originally described in the claim; but the description of the property may be amended so as to be made more accurate.'" And, further, in the same opinion, we find the following language: "There is no limit as to the time of making amendments, and the reasonable presumption is the act intended that proper amendments can be made at any time during the existence of the lien or course of the trial."

And in Bohem & Bros. *v.* Seel, 185 Pa. 382, it is held: "The lien was filed in time, but was defective on its face by being filed by a sub-contractor and con-

taining only a lumping charge. An amendment was asked after the six months in which a lien could have been filed. So, in the present case, if Norton was in fact the owner, his contract with plaintiff for a lump sum was valid and would sustain the lien. The plaintiff should be allowed to amend his claim of record so as to enable him to prove the facts if they are as he avers."

The ninth reason is as follows: "The claim is defective, in that it contains items of damage and loss sustained by the plaintiff by reason of alleged breach of contract." The act of assembly makes no provision for the filing of a lien for damages sustained by the breach of contract and the rule is made absolute as to such part of the lien as undertakes to establish damages and loss as a result of a breach of contract.

"By no sort of construction can a mechanic's lien be made to embrace anything, whether labor or materials, not actually furnished. Plaintiff had a right to subject the buildings to a lien for the work they did upon and about its construction; but a claim for anything beyond necessarily sounded in damages, and these can never be made the subject of a mechanic's lien:" Deeds v. Imperial Brick Co., 219 Pa. 579, 582.

The rule to strike off the lien as based upon the eight reasons already referred to is discharged and the plaintiff is allowed fifteen days in which to file an amendment meeting the requirements of the statute.