## Boalton v. Phillips et ux.

C. Edmund Wells, for plaintiff.
Victor J. Roberts, for defendants.

KNIGHT, P. J., April 5, 1944.—On April 18, 1943, claimant filed a mechanic's lien claim in the sum of $68 for materials furnished in the alteration and repair of a dwelling house, 325 Glasgow Street, in Stowe, West Pottsgrove Township, this county. The material furnished consisted of but one item, namely, a bathtub.

A sci. fa. was issued on this lien, as of June term, 1943, no. 48, and judgment obtained thereon, which was entered in judgment docket R-5, p. 378. On December 31, 1943, this motion was filed to strike off the lien and the judgment obtained thereon, because it appears by the record that there was no statutory authority or jurisdiction to enter the same, as the lien was filed for

alterations and repairs in a sum less than $100. The motion was placed on the argument list, was argued before the court in banc, and is now before us for decision.

At common law there is no lien for improvements to real estate, and it required a statute to create one for the protection of mechanics and materialmen: Tilford v. Wallace, 3 Watts 141. Therefore, if the present lien is not authorized by statute, it is invalid and should be stricken off. The Act of June 4, 1901, P. L. 431, sec. 2, gives the right to lien a structure for alterations and repairs, but the right is subject to a limitation, and it is this limitation that gives rise to the question now before us. The limitation is as follows: "Nor shall any claim for alterations or repairs . . . be valid, unless it be for a sum exceeding one hundred . . ."

Defendants contend that the word "dollars" was inadvertently omitted from the text of the act, and that this was an obvious omission and should be supplied by the court in construing the limitation. Plaintiff contends that the limitation is meaningless, and therefore without effect, and that his lien is valid under the general power in the act to file a lien for alterations and repairs.

It is obvious that the word "dollars" has been inadvertently omitted from the text of the act, either by the framers or by the printers. We cannot assume that the legislature intended to do a vain and useless thing or that it intended to pass an act that is meaningless. In reading into the act the unintentionally omitted word "dollars" we are not usurping the power and function of the legislature, but merely correcting a very manifest mistake made by the lawmakers or printers in passing or recording the act.

It is argued that we have no right to assume that "dollars" were intended by the legislature as the units of value in fixing the limitation in the section.

The act was passed in 1901; the English pound had long since been discarded as a monetary unit in our currency, and it is equally certain that the legislature never intended that no lien could be filed for repairs where the amount involved did not exceed 100 "cents". Even ration points were unknown in 1901. Reason and common sense dictate that the omitted word is "dollars". This is shown by a brief excursion into the mass of Pennsylvania statutes dealing with mechanics' liens. Originally the right of mechanics and material-men to lien a structure for their unpaid claims was limited to new structures. The Act of May 1, 1861, P. L. 550, gave the right to lien for alterations and repairs and provided that the act should not apply to debts of less than *$20.* (Italics supplied.) This act applied to Chester, Delaware, and Berks Counties. The Act of February 28, 1866, P. L. 127, extended the above act to Montgomery County.

The Act of June 28, 1879, P. L. 182, was a general law, applying to all of the counties of the Commonwealth. It gave the right to lien for alterations and repairs where the amount involved was more than *$50.* (Italics supplied.) The Act of May 18, 1887, P. L. 118, extended the provisions of the Act of May 1, 1861, supra, to all of the counties of the Commonwealth and retained the provision "That this Act shall not apply to debts, such as aforesaid, when the same are of less amount than twenty dollars".

All of the above-mentioned acts were repealed by the Act of 1901, supra, but they give an historical background to the limitation in section 2 of the Act of 1901, and show that the legislature had in mind the dollar as the monetary unit when it placed the limitation in section 2 of this act. The Act of 1901 has been in force for over 40 years, and yet neither counsel nor ourselves have found one reported case where the omission of the word "dollars" in the act has ever been discussed or noticed; the profession has evidently assumed through all these years that the obvious omis-

sion of the word "dollars" in the limitation in section 2 of the act was inconsequential and unimportant, and this is what we hold today. It follows that the lien in this case, being for less than $100, is, under the terms of the act, invalid and must be stricken off. It also follows that the judgment obtained on this lien is likewise invalid.

And now, April 5, 1944, the motion is allowed, and the lien and judgment entered as above set forth are stricken from the records of this court.