# Lee *versus* Burke & Glass.

1. In a claim under the Act of April 16th 1845 (Mechanics' Lien), it is not necessary to set out the nature or kind of work and the kind and amount of materials as under Act of June 16th 1836.

2. When the mechanic contracts, not with owner but the contractor, the kind of work and materials must be set out.

3. The contractor cannot bind the building for more than the materials and work at a fair market price.

4. Where the plea in a scire facias on a Mechanics' Lien was "no lien," no question as to the sufficiency of the lien could arise on the trial of issues of fact.

5. The plea "no lien" is not a demurrer.

6. Forms and rules of pleading should be observed and enforced in proceedings on Mechanics' Liens.

[Lee *v.* Burke.]

7. Russell *v.* Bell, 8 Wright 47, Lybrandt *v.* Eberle, 12 Casey 347, Howell *v.* Philadelphia, 2 Wright 471, Lewis *v.* Morgan, 11 S. & R. 234, recognised.

October 31st 1870. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Allegheny county :* No. 19, to October and November Term 1869.

This was a scire facias on a mechanic's lien, issued June 18th 1868, by William Burke and David Glass, partners, &c. against Francis L. Lee, owner, and Duncan & Waughter, contractors. The defendant Lee pleaded "No lien, payment, set-off with leave."

The case was tried November 17th 1868, before Stowe, J.

The claim filed was for $296.30, against a building in Pittsburg, "being a debt contracted for materials furnished by the said claimant, within six months last past, and work done in and about the erection and construction of the said building, of which the said Francis L. Lee was and is the owner or reputed owner, and Duncan & Waughter the architects, builders and contractors thereof, at whose instance and request the said materials were furnished and work was done, for painting house aforesaid. * * * And the said claimant hereto annexes a bill of particulars, of the amount of $296.30, said debt showing the nature, kind and amount of materials furnished and work done, and the time when the same were furnished and done."

"Francis L. Lee, owner ; Duncan & Waughter, contractors.

To Burke & Glass, Dr.

To painting house in Pitt township. Work commenced October 8th 1867, completed March 24th 1868.

| | |
|---|---|
| Materials furnished, . . . . . | $144.30 |
| Labor and work done, . . . . . | 152.00 |
| Total, . . . . . . | $296.30" |

L. Duncan, one of the contractors, testified as to the work and its character.

The plaintiffs proposed to ask witness what was the amount of work done by them, the material furnished, and the value of the same, both as to labor and material.

Defendants objected upon the ground that the lien filed does not set forth the kind and amount of material furnished, as is required by Act of Assembly.

The court admitted the evidence, and sealed a bill of exceptions. The plaintiff gave evidence of the work done by them to the building under their contract with the contractors, also of glazing and of extra work done by the direction of Lee.

Amongst other things the court charged :—

16 P. F. SMITH—22

[Lee *v*. Burke.]

" We are asked to instruct you that the lien is defective in not being sufficiently specific as to the work done and materials furnished. We hold that the lien is sufficient for the painting, and materials furnished for painting, but not for glass or glazing, as that is not included in the lien filed, as we interpret it."

The verdict was for the plaintiff for $201.43.

The defendant, Lee, took out a writ of error, and assigned for error the admission of plaintiffs' offer of evidence, and the parts of the charge given above.

*T. C. Lazear* (with whom were *J. M. Kennedy* and *J. Hopkins*), for plaintiff in error.—The Act of June 16th 1836, Pamph. L. 696, Purd. 708, must be strictly complied with : McCoy's Appeal, 1 Wright 125 ; Noll *v*. Swineford, 6 Id. 191. The bill must state the nature or kind of the work : Rehrer *v*. Zeigler, 3 W. & S. 258 ; Witman *v*. Walker, 9 Id. 186 ; Barclay's Appeal, 1 Harris 496 ; Lauman's Appeal, 8 Barr 473 ; Singerly *v*. Cawley, 2 Casey 248 ; Russell *v*. Bell, 8 Wright 52. There is no date of the furnishing of the materials : Lehman *v*. Thomas, 5 W. & S. 262.

*W. D. Moore* (with whom were *Moreland & Kerr*), for defendants in error.—A substantial compliance with the act is all that is required : Driesbach *v*. Keller, 2 Barr 77. Where there is a contract items are not essential : Young *v*. Lyman, 9 Barr 449 ; O'Brien *v*. Logan, Id. 97 ; Richabaugh *v*. Dugan, 7 Barr 394 ; Shaw *v*. Barnes, 5 Id. 18 ; Donahoo *v*. Scott, 2 Jones 48 ; Jones *v*. Shawhan, 4 W. & S. 257.

The opinion of the court was delivered, January 3d 1871, by

SHARSWOOD, J.—The Act of Assembly of April 16th 1845, § 5, Pamph. L. 538, was intended to provide for the case of a special contract, made by a mechanic with the owner for the erection in whole or in part of a building. It was passed to change the law as declared in Hoatz *v*. Patterson, 5 W. & S. 537, and Haley *v*. Prosser, 8 W. & S. 133, in which it was held that one who by special contract undertakes to do the work or furnish the materials for a building, was not entitled to file a lien. Under this act it was decided in Young *v*. Lyman, 9 Barr 449, which has been followed in subsequent cases, that when a claim is filed on such a special contract under the Act of 1845, the mechanic is not required to set out, in such claim, the nature or kind of the work done, and the kind and amount of materials furnished, as provided in other cases by the 12th section of the Act of June 16th 1836, Pamph. L. 688. The reason for requiring these particulars to be furnished does not exist in the case of a special contract for a round sum of money. *Cessante ratione cessat et ipsa lex.* But it

is entirely different when the contract of the mechanic, though it may be for a round sum, is not with the owner but with a contractor under him. The contractor cannot bind the building, by any such special contract, for more than the materials furnished and the work done on the credit of the building, at their fair market prices. Hence, in such a case, it is very important that the owner should be informed by the claim filed as to the particulars of the demand, that he may be enabled to make the necessary inquiries to satisfy himself of its justice as a lien on his property. This was the purpose of the Act of 1836. The decision, therefore, in Young v. Lyman does not apply to the case of a sub-contractor. All this was set at rest by the determination of this court in Russell v. Bell, 8 Wright 47.

The claim on this record was not that of a mechanic contracting with the owner, but with the contractor—in other words, of a sub-contractor. It was against Francis L. Lee, owner, and Duncan & Waughter, contractors, and the body of the claim states that the materials were furnished and the work was done at the instance and request of the contractors. To the scire facias issued on this claim the defendant, Francis L. Lee, the owner, pleaded "no lien, payment and set-off with leave." It was the issues of fact raised by these pleas that the jury were called and impannelled to try. No question as to the sufficiency of the claim upon its face could properly arise upon the trial. That would be an issue of law. There might arise a question of variance, between the evidence offered, and the claim, as filed and recited in the scire facias—but not whether that claim was regular and sufficient. The short plea "no lien" cannot be considered as a demurrer, either general or special. It was not so in form, and if it was intended to be so in fact it did not raise an issue triable by the jury. The court should have entered a separate judgment upon it, if it had been a demurrer. The plaintiffs below had a right to accept the issue tendered of "no lien," as an issue of fact; because it might well be that for some cause *dehors* the record there was no lien; as, that the claim had not been in fact filed within six months after the work done or materials furnished—that the work was not done or the materials furnished on the credit of the building—that the plaintiffs had bound themselves to file no claim, or that the building was not such a one as was within the Acts of Assembly; and there may be other defences coming under the same category. But, as to defects on the face of the claim filed, they are not raised by such a plea. It is time that some regard to forms and rules of pleading should be observed and enforced in proceedings upon mechanic's claims. No lawyer ever thought of going to trial before a jury upon a special demurrer to the declaration, or of objecting to evidence offered, on the ground that the count was defective. It was said by Mr. Justice Burnside, in

[Lee *v*. Burke.]

delivering the opinion of the court in Shaw *v*. Barnes, 5 Barr 18 : "Here there was a trial on the merits. As this court has settled in Lehman *v*. Thomas, 5 W. & S. 262, that the court may .strike from the record an irregular mechanic's claim on petition and answer or demurrer, I will get over technical objections rather than disturb the merits of a case." That was really the ground upon which that judgment went, as an attentive examination of the case will satisfy the student. In Lybrandt *v*. Eberly, 12 Casey 347, the court say : "We know not how any issue to the jury can be raised on the formal deficiencies of the claim filed—such as the want of dates, for these are mere questions of law. Such objections in accurate practice ought to be raised by demurrer, or by moving to strike off the lien, and we ought to come to this as soon as we can." And again, in Howell *v*. City of Philadelphia, 2 Wright 471 : "The objection to the lien for want of dates might have been formidable on demurrer or a motion to strike off, but after pleading to the scire facias it must be considered as waived."

It is unnecessary, therefore, to consider the objections to the validity of the claim filed in this case. As was said by this court in Lewis *v*. Morgan, 11 S. & R. 234, when such objections were raised under the plea of payment, "the points, on which the defendants required the direction of the court, were not involved by the pleadings, and an error with respect to them in the charge cannot be assigned as a ground for reversing the judgment." So, also, it could form no objection to the evidence offered, that the claim was defective, if it did not vary from it.

Judgment affirmed.