M. E. BROWN, EXRX., v. MYERS & RATHFON ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS OF LANCASTER COUNTY.

Argued May 20, 1891—Decided January 4, 1892.
[To be reported.]

1. A mechanics' lien, filed by a sub-contractor under the act of June 16, 1836, P. L. 696, and its supplements, setting forth, under a single date, a claim for a round sum "for painting and glazing" done under a contract between the claimant and the builder to which the owner was not a party, without other specification of the nature and amount of the work and materials and the time when they were done and furnished, is invalid.

2. The decision in Young v. Lyman, 9 Pa. 449, holding that work done and materials furnished, under a contract with the owner of the building, need not be specifically described in the claim, does not apply to the case of a sub-contractor; and if he would continue his lien, he must set forth all the particulars mentioned in § 12 of the act of 1836: Lee v. Burke, 66 Pa. 336; Russell v. Bell, 44 Pa. 47; Gray v. Dick, 97 Pa. 142.

3. A description of the building against which a lien is filed, by specifying its street and number and the adjoiners of its curtilage, without naming the city, borough or town in which it is situated, is not a sufficient compliance with the requirement in § 12 of said act, that the claim shall set forth "the locality of the building. . . . . and such other matters of description as shall be sufficient to identify the same."

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 390 January Term 1891, Sup. Ct.; court below, No. 15 January Term 1889, C. P.

Statement of Facts.

On October 3, 1888, George W. Brown filed in the court below a mechanics' lien in the following form:

"George W. Brown, of the county of Lancaster, files 'this his claim for the payment of the sum of three hundred dollars, against all those certain two-story brick houses, mansard roofed or cottage style, with two-story and attic back buildings, situated on East Orange street and designated by Nos. 535 and 537, on north side of said East Orange street, and adjoining property of Rev. A. F. Kaul on the east.

"Said work was finished August 6, 1888, and the lots or pieces of ground and curtilages appurtenant to said buildings; the said sum of three hundred dollars being a debt contracted for painting and glazing done and furnished by the said Geo. W. Brown within six months last past, for and about the erection and construction of the said buildings, of which the Myers & Rathfon and John C. Dinan, were or are the owners or reputed owners, and A. R. Metzger, the architect, constructer and builder thereof, at whose instance and request the said work was done, furnished and delivered as aforesaid; . . . . .

"BILL OF PARTICULARS.

"LANCASTER, Pa., September 24, 1888.

"A. R. METZGER, Dr.

"To GEO. W. BROWN.

"To work as per contract for the painting of two
    houses on East Orange street, known as
    Nos. 535 and 537   .   .   .   .   .   $300."

Upon said claim a scire facias was issued on December 15, 1888. On February 9, 1889, the court, on motion of Myers & Rathfon, granted a rule to show cause why the lien should not be stricken off as invalid. After argument, the court, PATTERSON, J., on May 9, 1889, discharged the rule. The plaintiff having died, his executrix, Mary E. Brown, was substituted on June 25, 1889, and on January 11, 1890, the defendants pleaded nunquam indebitatus. On February 14, 1890, the defendants filed a petition praying for leave to withdraw their plea, and that the lien be stricken off as fatally defective, at the same time filing a demurrer to the lien. A rule to strike off was thereupon granted, which the court, PATTERSON, J., subsequently discharged;[1] at the same time overruling the demurrer.[2]

Arguments.

At the trial, on February 16, 1891, the plaintiff having put the lien in evidence and shown the performance of the work therein mentioned, rested. The defendants offering no testi-́ mony, the court, PATTERSON, J., charged the jury as follows:

You have heard the plaintiff's case, and the testimony in relation to it; and it is admitted that the plaintiff ought to have a verdict, if the lien itself is a legal lien and in legal order and form. The defendants, by their counsel, present two points to the court in this case, which I will answer:

1. Under the lien filed in this case, the verdict must be in favor of the defendants.

Answer: That point we deny.[3]

2. Under the law and the evidence in this case, the verdict must be in favor of the defendants.

Answer: That point we deny. We refuse to affirm those two points.[4]

—The jury returned a verdict for the plaintiff for $343. Judgment having been entered, the defendants took this appeal, specifying that the court erred:

1. In discharging the rule to strike off the lien.[1]

2. In overruling the demurrer.[2]

3, 4. In refusing defendants' points.[3] [4]

*Mr. J. Hay Brown,* for the appellants:

The lien filed is fatally defective. It has often been held that a sub-contractor cannot file a lien for a lump charge, but must itemize the claim: Russell v. Bell, 44 Pa. 47; Lee v. Burke, 66 Pa. 336; Gray v. Dick, 97 Pa. 142; Shields v. Garrett, 5 W. N. 120. Again; the requirement, in § 12, act of June 16, 1836, P. L. 698, that the locality of the building shall be set forth, has not been complied with. The town, city, or borough, in which these buildings are located, is not mentioned. The lien, on its face, does not even indicate that they are in the county of Lancaster. Non-compliance with the section cited is a substantial defect: Washburn v. Russel, 1 Pa. 499; Kennedy v. House, 41 Pa. 39.

*Mr. Philip D. Baker,* for the appellee:

The facts of the case, including the locality of the buildings, the employment of A. R. Metzger by the owners to construct

Opinion of the Court.

and finish them, and the doing of the painting, etc., by George
W. Brown, agreeably to a contract for the round sum of $300,
are undisputed. Was Brown a sub-contractor? Was he not
an original party, dealing with the owners through their agent
Metzger? What good reason can there be for requiring him
to specify the several colors; qualities and quantities of paint,
etc.? By pleading to the scire facias any objection to the lien
for want of dates was waived : Lewis v. Morgan, 11 S. & R.
234 ; Lee v. Burke, 66 Pa. 336. The lien is good in form, and
the verdict is conclusive of all material facts.

OPINION, MR. JUSTICE McCOLLUM :

It appears on the face of this record that Brown was a sub-
contractor. The existence of a contractual relation between
him and the owners of the premises is negatived in the body of
the claim and in the bill of particulars. In the former, it is
stated that the work was done and the materials were furnished
at the instance of Metzger, who was the builder ; and in the
latter, he is mentioned as the debtor for them. It is admitted
that the claimant is entitled to a lien for his labor and materials,
on compliance with the provisions of the statute which allows
it, but it is alleged that the claim filed by him is fatally defec-
tive, in that it does not sufficiently identify the property, nor
adequately set forth the nature of the work, or the kind and
amount of materials, and the time when the work was done
and the materials were furnished.

It is provided in the twelfth section of the act of June 16,
1836, P. L. 698, that the claim must set forth, inter alia, "the
amount or sum claimed to be due, and the nature and kind of
work done, or the kind and amount of materials furnished, and
the time when the materials were furnished or the work was
done ; the locality of the building, and the size and number of
the stories thereof, or such other matters of description as shall
be sufficient to identify the same." These provisions respecting
the claim must be observed ; they are reasonable, and intended
for the protection of owners, creditors, and purchasers. A sub-
stantial compliance with them is necessary to the continuance
of the lien : Russell v. Bell, 44 Pa. 47. A seeming departure
from this rule is found in Young v. Lyman, 9 Pa. 449, where it
was held that work done and materials furnished under a con-

tract with the owner need not be specifically described in the claim.  But this decision does not apply to the case of a sub-contractor: Lee v. Burke, 66 Pa. 336.  The reason for the distinction is clearly stated in the case last cited, in Russell v. Bell, 44 Pa. 47, and in Gray v. Dick, 97 Pa. 142.

The sub-contractor must therefore set forth the particulars in his claim, as required by the act of 1836, if he would continue his lien beyond the statutory period of six months.  The claimant in this case has failed to comply with the provisions of the statute in this respect.  His claim is for " a debt contracted for painting and glazing " at the instance and request of a contractor, who is charged in the bill of particulars for " work as per contract for the painting of two houses on East Orange street, known as Nos. 535 and 537, $300."  A round sum, with a single date, for work done and materials furnished under a contract to which the owner is a stranger, does not give him the information which he is entitled to have under the act which allows the lien.

The claim is deficient in another particular.  It does not set forth the locality of the buildings, nor such other matters of description as are sufficient to identify them.  It is said they are situated in the city of Lancaster, but there is nothing on the face of the claim, or the bill annexed to it, by which their location can be discovered.

> The judgment is reversed, and the lien is stricken from the record.