Conrad Lee, Appellant, *v.* Exeter Club, owner or reputed owner, and Wm. O'Malley & Son, contractor or builder.

*Mechanic's lien—Subcontractor—Lumping charge.*

A charge of " mldgs., doors and sash, as per est. $411.78," in a mechanic's lien, filed by a subcontractor, is bad as a lumping charge and is not in strict compliance with the provisions of the Act of June 16, 1836, P. L. 695, sec. 11.

Argued Jan. 10, 1899. Appeal, No. 20, Jan. T., 1899, by plaintiff, from judgment of C. P. Luzerne Co., Feb. T., 1898, No. 443, striking off a portion of mechanic's lien. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed.

Rule to strike off mechanic's lien.    Before LYNCH, J.

It appears from the record that the lien in question was filed August 3, 1897.    It was averred in the claim that the Exeter Club was the owner, Wm. O'Malley & Son were contractors. The amount claimed to be due was $540.65 for material furnished.    The bill of items annexed to the claim set out 102 items of charge without giving any price, but which were followed by this sentence, " to mldgs., doors and sash, as per est. $411.78, " this sum being carried out to the next column. There was no other indication that the sum given was the total of all the preceding items.    From this on, the price of each charge was marked upon the bill in its proper place.

The plaintiff asked permission to amend by stating in the bill of particulars the price or charge for each of the 102 items mentioned.    The court below held, " this defect is not purely formal, it is substantial, and it cannot be remedied by an amendment made after the expiration of the time allowed for filing the lien."

The court made absolute the rule to strike off the lien, excepting the items in the bill of particulars where the price of each charge was marked upon the bill in its proper place amounting in all to $128.87, as to which items the rule was discharged.    Plaintiff appealed.

*Errors assigned* among others were (3) in striking out of said mechanic's lien items amounting to $411.78.    (5) In refusing plaintiff's motion to amend the bill of particulars by not allowing him to set out the price charged for various items therein.

*James R. Scouton*, for appellant.— A mechanic or material man may bind the building for what his materials or labor may be reasonably worth, and it is no defense to the lien for the owner to show that the aggregate of claims against the building exceeded the contract price stipulated for with the principal contractor: Taylor v. Murphy and Taylor v. Williams, 148 Pa. 337.

The Supreme Court has held in the following cases, that where the lien showed " the kind and amount of materials furnished and the time when the materials were furnished," it was sufficient: Rehrer v. Zeigler, 3 W. & S. 258 ; Thomas v. James.

7 W. & S. 381; Whitman v. Walker, 9 W. & S. 183; Knabb's Appeal, 10 Pa. 186; Lauman's Appeal, 8 Pa. 473; Noll v. Swineford, 6 Pa. 187.

Amendments that are conducive to justice and a fair trial on the merits should be allowed. See Act of June 11, 1879, P. L. 123. The right of amendment extends to the form and manner of setting forth the items of the claim: Snyder Chapel v. Baer, 3 Pennypacker, 530.

Amendments which make the lien more precise, specific and particular should be allowed even if six months have elapsed: Linden Steel Co. v. Refining Co., 138 Pa. 10.

After six months have elapsed from the filing of the lien the record may be amended so that the person named as contractor may appear as owner: Bohen & Bros. v. Steel, 185 Pa. 382.

*George S. Ferris*, for appellee.—The primary purpose of a bill of particulars is not fulfilled by a statement of items that is unintelligible without the aid of an interpreter. Reasonable certainty is and of right ought to be demanded: Gray v. Dick, 97 Pa. 142.

The item " mldgs., doors and sash, as per est. $411.78 " is at best a lumping charge as there is no specification of prices: Wharton v. Investment Co., 180 Pa. 168.

An item containing a lumping charge is properly stricken out on motion: Noll v. Swineford, 6 Pa. 187; McFarland v. Schultz, 168 Pa. 634.

OPINION BY BEAVER, J., March 23, 1899:

The plaintiff, a subcontractor, filed a mechanic's lien against the building of the Exeter Club, describing the owner and contractor or builder. He is to be held to a strict compliance with the provisions of the Act of June 16, 1836, P. L. 695, sec. 11, which prescribes the requisites of the claim of persons entitled to a lien thereunder, because, as a subcontractor, he is bound to give to the owner full information as to character, quantity and price of the several articles furnished by him to the contractor in and about the erection and construction of the building sought to be held as a security for his claim. The obvious reasons for this particularity have been many times pointed out in the adjudicated cases.

Exception was taken by the defendant owner to the suffi
ciency of the lien filed, on the ground that the item contained
in the statement thereto attached of " mldgs., doors and sash,
as per est. $411.78," was a lumping charge ; that it had no date
and was in no way connected with 102 items previously con-
tained in the statement, the first of which has the date Feb-
ruary 25 under 1897.

The court below held that this charge did not show upon its
face that it aggregated the sum of the items previously con-
tained in the statement and that, if it did, it was a " lumping
charge " and was, therefore, not such a specific statement of the
amount of each item contained in the bill as is required under
the provisions of the act of 1836, supra.   The lien was, there-
fore, stricken off as to this particular charge but held good as
to the remainder of the statement, which consisted of items
against which the amount or value of each one appeared.

This action of the court and the refusal to allow an amend-
ment to remedy the defect constitute the only errors complained
of by the appellant.

Since Noll v. Swineford, 6 Pa. 187, the Supreme Court has
uniformly held that what has come to be known as a " lumping
charge " in a statement attached to a mechanic's lien is not suf-
ficient.   In this case there was a single charge for materials
furnished and work and labor done.   Russell v. Bell, 44 Pa. 47,
was of the same character.   So also was Lee v. Burke, 66 Pa.
336.   In Fahnestock v. Speer, 92 Pa. 146, however, the charge
was for gutters, spouting and roofing, as to which it was said :
" The first item is a lumping charge and, as the claim was filed
by a subcontractor against the owner and contractor, it was
clearly bad and would have been stricken out on motion."   In
Brown v. Myers, 145 Pa. 17, a claim for painting and glazing,
as per contract, was held to be bad.   In McFarland v. Shultz,
168 Pa. 634, the claim was for " grading and digging lots and
carting away dirt from the same," the amount chargeable to
each house being separately specified.   This was held to be
bad, in that it did not adequately set forth the nature and kind
of the work done nor when it was done ; and in Wharton et al.
v. Investment Co., 180 Pa. 168, in which the claim was described
as "for the furnishing of the materials and the erection and
putting in position of one 70-horse power Wharton-Harrison

boiler in the said building, with feed water heater, blow-off tank and Worthington duplex pumps, as set forth in the bill of particulars hereto annexed and made part of this claim," it was held defective, because "filed by a subcontractor and containing only a lumping charge."

It follows, from a careful inspection of these cases, that the rule in regard to a lumping charge is being held more and more strictly instead of being relaxed. The earlier cases were those in which work and labor and materials were combined, but in the later cases the rule was applied to the claims of material men alone. Upon the authority of these cases, we feel bound to hold that the charge "mldgs., doors and sash, as per est. $411.78," is a lumping charge and is, therefore, not a strict compliance with the provisions of the act of June 16, 1836, supra, which prescribes the requisites of a mechanic's lien. This upon the grounds, first, that this charge does not seem to be necessarily connected with the items which precede it; and, even if it were, the owner is not bound by the estimate—assuming that est. meant estimate—made by the subcontractor to the contractor, and the items being set forth singly should have had the prices of each attached to them.

At the argument of the rule the plaintiff offered and asked leave to amend, which was denied. In McFarland v. Shultz, 168 Pa. 634, supra, the motion to amend in a similar case was allowed in the court below ; but, on appeal in the Supreme Court, it was held that the amendment was not admissible and the judgment was reversed and the rule to strike off the lien was reinstated and made absolute.

Upon a careful consideration of the whole case, therefore, we feel bound by the authority of the cases which we have cited to sustain the ruling of the court below upon both questions raised by the assignments of error. Decree affirmed and appeal dismissed at the costs of the appellee.