## Murphy v. Bear, Appellant.

*Mechanics' liens—Amount of claim—Contract price—Profit—Evidence—Charge of court—Judgment n. o. v.*

1. Under the statutes in Pennsylvania, a mechanic's claim for material and labor furnished under a contract to a building, may constitute a valid lien against the property, notwithstanding the claim involves some charge in the nature of a profit to the contractor. When a contractor stipulates to put up a building, and

the owner agrees that he shall do so on certain terms, it must follow as a consequence that the mechanic acquires some profit if he accomplishes the work, and the owner binds himself to pay it, and this subjects the real estate to the possibility of a lien as the result of nonpayment.

2. The court committed no error in refusing to enter judgment for defendant n. o. v., in an action of scire facias upon a mechanic's lien, where the claimant proved a contract between himself and the owner, showing an agreed price for the job; a contract for extras at an agreed price; proved in detail the work and labor which it would have been necessary to do to finish the contracts together with the price which would then have been due, and established the amount of his claim by deducting from the sum which he would have received for the whole job, the money paid him on account and the value of the labor and material not furnished. Such method of proof cannot be said to include profit on labor and material not furnished; it valued the labor and material at the standard fixed by the parties themselves. Even if the method of proof had been erroneous, the question could not be raised by defendant after trying the case without objecting to the method of establishing the claim, which was also assumed as the basis of cross-examination of witnesses and of the defense offered by defendant.

3. In such case where the action is between the contractor and the owner, it is not error to refuse to allow evidence of a lien filed by a sub-contractor.

4. In such case where there was no evidence of notice to the plaintiff, that the building was to be completed by a specified time for occupation by any particular tenant, there was no error in refusing evidence offered to show that, in consequence of plaintiff's delay in the completion of the work, defendant had lost a tenant of the property; nor was it error to refuse an offer to prove that plaintiff had unduly delayed the work, where the evidence, if received, would be merely cumulative, and it was admitted that the work had not been finished on time, and the whole question of the value of the work to be done after the plaintiff left the job was submitted to the jury.

*Appeals—Assignment of error—Charge—Exceptions.*

5. An assignment of error to a portion of the charge of the court will be dismissed, where the portion of the charge assigned as error was not specially excepted to at the trial, and no general exception was taken to the charge as a whole.

Argued March 24, 1913.   Appeal, No. 226, Jan. T., 1912, by defendant, from judgment of C. P. No. 2, Philadelphia Co., June T., 1910, No. 394, M. L. D., on verdict for plaintiff in case of Michael P. Murphy v. Moses Bear, owner or reputed owner and contractor.   Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ.   Affirmed.

Scire facias sur mechanic's lien.   Before WILTBANK, J.
The opinion of the Supreme Court states the case.
Verdict for plaintiff for $2,858.25.   Defendant made motions for new trial and for judgment n. o. v., which were overruled and judgment entered on the verdict. Defendant appealed.

*Errors assigned* were the overruling of the motion for judgment n. o. v. and various rulings on evidence.

*Alex. Simpson, Jr.*, with him *Henry H. Farley* and *Edward B. West*, for appellant.

*Charles C. Norris, Jr.*, with him *Henry T. Dechert*, for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, April 21, 1913:
The plaintiff had a contract for the alteration and the erection of an addition to a property belonging to the defendant.  Before the job was completed differences arose between the parties and the owner notified the contractor to discontinue his work; the latter did so, and the defendant completed the building.  The plaintiff then filed a mechanic's lien against the property which was proceeded with to judgment in his favor. The owner has appealed.

The first and third assignments complain because the court below refused to give binding instructions or to enter judgment non obstante veredicto in favor of the defendant; and thereunder the appellant contends that

the plaintiff was permitted to recover an unearned profit on material and labor not actually furnished to the defendant, contrary to the mechanics' lien law. An examination of the record, however, fails to convince us that this ground is well taken. At the trial the claimant proved the contract between him and the owner, which showed an agreed price for the whole job; he also proved a contract for extras at an agreed price; he then proved in detail the work and labor which it would have been necessary for him to do in order to complete the contracts, together with the price he would have charged therefor; from the sum which he was to receive for the whole job he deducted the value of the labor and material which he had not furnished, also the sums of money which had been paid to him, and claimed a lien for the remainder. This method of proof cannot properly be said to have included profit on labor and material not furnished; on the contrary it merely made out a claim for labor and materials furnished, valued in accordance with a standard fixed by the parties themselves, i. e., the contract price. Since the claim was by one who contracted directly with the owner, and not by a sub-contractor, it was not necessary for the plaintiff to prove his claim with the same particularity that would be required to sustain a lien filed by a sub-contractor: Lee v. Burke, 66 Pa. 336; Young v. Lyman, 9 Pa. 449. In addition, as stated by the learned trial judge in his opinion refusing judgment non obstante veredicto, "this method of establishing his claim was not objected to, and was assumed as a basis of a protracted examination and cross-examination, and of the later line of defense. All questions of fact arising from the evidence produced by the parties were submitted to the jury, and the verdict was in favor of the plaintiff." Under the circumstances the court below committed no error in refusing to enter judgment for the defendant notwithstanding the verdict; the assignments in question are overruled.

In the second assignment the appellant complains of the answer given by the court below to this request for charge: "If the jury find from the evidence that the amount claimed by the plaintiff includes any profit which the plaintiff would have made had he completed the work, he cannot recover." In reply, the court said: "I say to you that the plaintiff is entitled to recover in this case, so much money as is due him under the terms of the contract, and that with regard to any question of profit, you will bear in mind that counsel for the plaintiff has stated that there is no profit here claimed." While it is true that a lien cannot be maintained for anything not actually furnished to a building (Deeds v. Imperial Brick Co., 219 Pa. 579), yet this point was drawn too broadly when it requested the trial judge to say that if the amount claimed by the plaintiff "includes any profit" there could be no recovery. As stated in the opinion of the court below before adverted to, "It is error to claim that, in this State, under the statutes, a mechanic's claim cannot constitute a valid lien against a given property, if with respect to any of the items thereof,......there is involved some charge in the nature of a profit to the contractor...... When a contractor stipulates to put up a building and the owner agrees with him that he shall do so, and the terms are expressed, it must follow as a consequence that the mechanic acquires some profit if he accomplishes the work, and the owner binds himself to pay it, and this subjects the real estate to the possibility of a lien as a result of nonpayment on his part." That this is a correct view of the law, and that in this sense profits may be included in a lien, are obvious. The request as stated should have been declined outright; but we cannot say that reversible error was committed by the reference to the statement of counsel for the plaintiff, to the effect that no profit was claimed, contained in the reply thereto. The trial judge states that the answer was suggested by the arguments of counsel; and when taken in

connection with the general charge, we are convinced that there is no probability that it misled the jury. The assignment is overruled.

The fourth assignment is in reference to the refusal of the court below to permit evidence of a lien filed by a sub-contractor. There was no error in this ruling: Moore v. Carter, 146 Pa. 492; Huckestein v. Kelly, 152 Pa. 631.

The fifth assignment calls attention to the refusal of evidence offered to show that in consequence of the plaintiff's delay in the completion of the work the defendant had lost a tenant for the property. There was no evidence of notice to the plaintiff that the building was to be completed by a specified time for occupation by any particular tenant; and if the defendant was endeavoring to show rental value as a measure of damage, this was not the proper method to pursue in order to prove it. We see no error in the refusal of the offer and the assignment is overruled.

The sixth assignment complains of the refusal of an offer to prove that the plaintiff had unduly delayed the work. In the first place, the defendant himself had given evidence to this effect, and the testimony offered was cumulative; next, since there was no attempt on the part of the owner to insist upon the literal terms of the contract as to a certificate from the architect concerning the cost of completion, and the whole matter of the value of the work to be done after the plaintiff left the job was submitted to the jury, and since the fact that the plaintiff had not finished his work on time was uncontroverted, we do not see that any harm was done by the ruling in question. The real issue was the proper cost of the work that remained to be done in order to complete the contract, and the jury evidently believed the plaintiff's proofs on that point and refused to accept those of the defendant. The assignment is overruled.

The seventh assignment contains a lengthy abstract

from the charge of the trial judge; but since this was not specially excepted to at the trial, and no general exception was taken to the charge as a whole, the assignment is dismissed: Foley v. Philadelphia Rapid Transit Co., 240 Pa. 169.

The judgment is affirmed.