Duplex Elec. Co., Appellant, *v.* Simons, Brittain & English, Inc. et al.

Argued March 13, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*C. E. Stahle,* and with him *Harry M. Miller,* for appellant, cited: American Company v. Alexandria Water Co., 215 Pa. 520; Este v. Pa. Railroad, 27 Pa. Superior Ct. 521.

*J. L. Williams,* and with him *J. Donald Swope, W. C. Sheely* and *Keith & Sheely,* for appellee, cited: Russell v. Bell, 44 Pa. 47 ; Johnson Service Company v. Fayette Title and Trust Building, 96 Pa. Superior Ct. 535.

Opinion by Baldrige, J., April 15, 1931:

The appellant, a sub-contractor, filed a mechanic's lien against the real estate of the Gettysburg National Bank, the appellee. The lien was stricken off by the court on the application of the owner for the reason that it did not set forth, in detail, the kind and amount of materials furnished, the nature and kind of work done, and when the materials were furnished and the work was done. From that order, this appeal was taken.

Paragraph 6 of Section 11 of the Mechanics' Lien Act, approved June 4, 1901, P. L. 431, as amended by the Act of April 17, 1905, P. L. 172, requires the claimant to set forth in his lien, a detailed statement of the kind and character of the labor or materials furnished, or both, and the prices charged for each thereof, when the contract is with other than the owner, or not for an agreed sum. The provisions of the Act of 1901, as amended, are substantially in the same language as the Act of April 12, 1836, P. L. 695; hence the decisions under the earlier statutes are still applicable.

The mechanic's lien filed by the appellant sets forth as follows:

"On January 21, 1928, claimant received a written order from the contractor, the said Simons, Brittain and English, Inc., for the furnishing and installing of a complete Duplex Grade 'A' cable in concrete vault alarm system complete in every respect with the exception that no conduits were to be installed by claimant, and also to include in the vault alarm system a complete daylight holdup system with eleven outlets for tellers and seven button stations on desks. The price for said work was $1,500, which is fair, reasonable and market price for the labor done and performed and the materials furnished and supplied, and which are the same prices that the contractor promised and agreed to pay the claimant therefor. A true and

correct copy of said written order is annexed hereto, made part hereof and marked Exhibit 'A'."

The written order referred to states that the claimant is to "furnish and install complete Duplex Grade 'A' cable in concrete vault alarm system," etc., as set forth in the body of the claim.

Although the language of the statute does not expressly say so, a distinction has long been recognized between a claim of a contractor and a claim of a subcontractor. In the former case, the work done and materials furnished under a special contract with the owner for a stipulated sum need not be itemized as he has a knowledge of the claim and information is available to him to ascertain if the terms of the contract have been fulfilled: Brown v. Myers, 145 Pa. 17, 20; Murphy v. Bear, 240 Pa. 448, 451. If the claimant is a sub-contractor, another rule and a different reasoning apply, as there is no privity existing between him and the owner, and the latter would not necessarily have knowledge of how much is justly due, the kind and amount of work done, or the kind and amount of materials furnished. He is entitled to be informed as to the particulars of the demand so that he may make necessary inquiries to satisfy himself if the amount of the claim is reasonable or excessive: Chapman v. Faith, 18 Pa. Superior Ct. 578; Dyer v. Wallace, 264 Pa. 169, 179. This general rule is subject, however, to the explanation that if a sub-contractor's claim is for an individual article, such as a boiler, pump, sprinkler, etc., made up of parts, but, in its completed form, a unit, then it is unreasonable to expect, and it is not required, that the material and various parts involved in its manufacture or construction should be itemized. As we said in the case of Johnson Service Co. v. Fayette T. & T. Bldg., 96 Pa. Superior Ct. 535, 541, "if the contract is for an individual item, it is not necessary to give a statement of each of the

component parts necessary to be furnished for its completion.''

In the case of Wharton et al. v. Investment Co., 180 Pa. 168, the claim was for a ''seventy-horse power Wharton-Harrison boiler ......, with feed water heater blow-off tank and Worthington duplex pumps,'' furnished in pursuance of a contract with a general contractor. This lien was held to be defective as it was for a lump charge made up of four distinct items. But it is clearly indicated in the opinion that if the claim had been itemized to the extent of treating each of the articles as a unit, it would have been good; further itemization then would have been unnecessary. It is readily seen that it is important in each case to determine whether the charge is a lumping sum, that is, does it include items of a different nature or class, which, as assembled, do not constitute an entity, or is it a charge for a single article, or device, which may be composed of parts, but all of which are essential to the whole.

The claim in the case at bar was for the furnishing and installing of a ''Complete Duplex Grade 'A' cable in concrete vault alarm system.'' ''System'' is defined in Webster's New International Dictionary as ''an aggregation or assemblage of objects united by some form of regular interaction or interdependence; a natural combination, or organization of part to part.'' The contract required the installation of a vault alarm, in the operation of which, the component parts depend upon or relate to each other and form one complete and entire article or device. If this system is a unit, as we conceive it to be, it is not reasonable or necessary to require a particularization of the wire, conduits, buttons, and other various parts which entered into its composition. After all, the courts do not demand anything more than a substantial and sensible compliance with our Mechanics' Lien Law: Este v. P. R. R. Co., 27 Pa. Superior Ct. 521.

As has been very aptly said in Calhoun v. Mahon, 14 Pa. 56, 58, the courts "must not be hypercritical, when scanning this species of lien, and estimating its sufficiency. Such a practice must necessarily defeat a very large majority of them; a result not to be desired when they furnish sufficient data to enable the parties subject to them, to ascertain all that is essential for them to know."

In the case of Day v. P. R. R. Co., 224 Pa. 193, a contract was entered into for the construction of a grain elevator for the Pennsylvania Railroad, which was to be equipped with a certain patent device, known as a "dust collector." The claimant, a sub-contractor, filed a lien which was objected to on the ground that it did not set forth in clear detail the nature and character of the work done and materials furnished. The court in sustaining the validity of the lien said, "It is contended that the lien is bad because it fails to comply with paragraphs 4, 6 and 8 of Sec. 11 of the Act of June 4, 1901. But when we take into consideration the fact that the appellee agreed to construct and install a complete dust collector, which was a patent device composed of various articles of wood, iron, etc., and that the appellant was fully advised of the appellee's claim by the copy of the contract and specifications attached thereto, and reference to the Moulton specifications contained therein, we are inclined to the opinion that the paragraphs referred to were substantially complied with. We cannot agree with the contention that the appellee was bound to set out an itemized statement of the wood, iron, pipes, nails and other materials which went into the construction of the completed dust collector." The appellee, in distinguishing that case from the case at bar, puts some stress on the fact that the lien was for a patented article, but we think that fact had no material bearing on the decision. It individuates the device, but so

would a well known trade name of an unpatented article or contrivance.

The appellee, no doubt, was just as fully advised of the claim as if it had had possession of the specifications, for, on September 29, 1928, after the work was completed, the following letter was sent to the appellant:

"Gentlemen:

The installation of your Duplex Electrical Alarm System has this day been completed by your Mr. F. T. Hintz and he has demonstrated the protection to us in detail.

The work has been done in a first-class manner and to our entire satisfaction and your representative has thoroughly informed us as to the care and operation of the system and has left written instructions with us. City, Gettysburg; State, Pennsylvania.

Bank Gettysburg National,

By C. W. Stock,

Cashier."

It is reasonable to infer that this letter was not written until the appellee had informed itself of the quality, extent and nature of the work that was done. It was evidently satisfied that the appellant had fully performed its part of the contract.

It is argued upon the part of the appellee that the claim filed is for at least two systems, each of which is made up of constituent parts, consisting of wires, conduits, bells, fuses, etc. The contract provides for the furnishing and installing of a vault alarm system, which includes "a complete daylight holdup system with eleven outlets for tellers and seven button stations on desks." In our view, the daylight system is not distinct and separate, but a part of the one system, and thus affords the means of giving the alarm in the daytime as well as at night.

We have examined the authorities cited by the appellee in support of the contention that this lien is

defective in that it contains a lumping charge, but find no trouble in readily distinguishing this case from those cited in which the liens have been stricken off for a lump sum. For instance, in Lee v. Exeter Club, 9 Pa. Superior Ct. 581, 585, the claim gave no date and was for "mldgs., doors and sash, as per est. $411.78;" in McFarland v. Schultz, 168 Pa. 634, the claim was for "grading and digging lots, and carting away dirt from the same......between August 29, 1892, and October 22, 1892," which was held not sufficiently specific; in Burrows v. Carson, 244 Pa. 6, the claim was for labor—"1911—April 4 to November 20, 137 hours labor at 60 cents per hour, $82.20," and failed to set forth the nature of the work done; in Barker Painting Co. v. Gen. Carbonic Co., 78 Pa. Superior Ct. 493, the claim was for painting and glazing a building, and contained no dates, except the time of beginning and completing the work; it did not set forth the terms of the contract, nor what portions were for labor and material.

After a careful consideration, we are constrained to differ with the conclusions reached by the learned court below. The order is reversed and the lien is directed to be reinstated.