## Dahlhausen, etc., v. Deichelmann

**460**

*Leonard F. Markel, Jr.,* for plaintiff.
*Smillie, Bean & Scirica,* for defendant.

FORREST, J., December 13, 1949.—These are motions to strike off two mechanic's liens. From the allegations of both claims, it appears that claimant is in the plumbing and heating business, and contracted with one J. Ivan Dufur, Jr., for the alteration of the buildings of owner-defendant, at the corner of Pennsylvania Avenue and Camp Hill Road, in Springfield Township, Montgomery County; that J. Ivan Dufur, Jr., was acting as an agent of the owner in contracting for the alterations and repairs to the buildings on the premises; that the contract was not repudiated by the owner under section 4 of the Mechanic's Lien Act of June 4, 1901, P. L. 431, 49 PS §28; that certain materials and labor were furnished, as appears from Exhibit A attached to the claim; and that although it is not specifically stated, the contract was on a material, labor-plus basis, 10 percent profit and 10 percent overhead on the total. The second claim differs from the first in that claimant was designated as "contractor".

The first claim was filed on April 16, 1949, and a motion to strike off mechanic's lien was filed on April 27, 1949, by the owner. The reasons alleged for the motion were that the claim was defective in that it was filed more than three months after the completing of the contract, contrary to section 10 of the Mechanic's

Lien Act, and that it did not allege whether claimant was a contractor or otherwise, in accordance with section 11 of the Mechanic's Lien Act. The matter was then ordered on the argument list by the court.

Subsequently, claimant filed another lien, curing the alleged second defect of not stating whether claimant was a contractor, by stating in paragraph 9:

"The claimant at all times herein mentioned, acted as contractor, and not as subcontractor."

The owner then filed a second motion to strike off mechanic's lien, contending that (1) the lien was defective in that it was filed more than three months after the completing of the contract, in violation of section 10 of the act; (2) that the property being in possession of the tenant "there appears no writing signed by the owner, showing that said alterations and repairs were made for her immediate use or benefit", in violation of section 11 of the act; (3) that the lien is fatally defective since it contains only lumping charges for work done and materials supplied, in violation of section 11 of the act, and (4) that it is fatally defective since the totals are inconsistent.

After considering the first claim, we have come to the conclusion that it must be stricken, since it did not designate claimant as being a contractor or otherwise. See Hamilton v. Means et al., 155 Pa. Superior Ct. 245 (1944).

It should be noted that in regard to the motion to strike off the second claim on the ground that it was filed more than three months after the completing of the agreement or contract, it was alleged in paragraph 8:

"The alterations and repairs of the aforementioned buildings, for which the claimant was hired, have not been completed, the work having been suspended by agreement between the claimant and J. Ivan Dufur, Jr., as agent of the owner."

It would seem that under such circumstances, claimant is not restricted to a period of three months after the stoppage, within which the claim must be filed, by section 10 of the act, 49 PS §52, which reads as follows:

"In the case of tenancies or leasehold estates, of alterations and repairs, and of fitting up or equipping old structures with machinery, gearing, boilers, engines, cars or other useful appliances, the claim must be filed in the court of common pleas of the county or counties in which the structure or other improvement is situate, *within three months after the claimant's contract or agreement is completed;* and in all other cases, within six months thereafter; and when filed, it shall be entered and indexed in the mechanics' lien docket. Upon it a writ of scire facias must issue within two years, unless the owner, by writing filed before the expiration of that time, waive the necessity for so doing for a further period, not exceeding three years; and a verdict must be recovered or judgment entered on the scire facias within five years after it is issued. Final judgment must be entered on the verdict within five years after its recovery. After judgment is entered, it must be revived, by writ of scire facias to revive the judgment or by judgment thereon, within each recurring period of five years. If a claim be not filed within the time aforesaid, or if it be not prosecuted in the manner and at the times aforesaid, it shall be wholly lost." (Italics supplied.)

In Trustees of Roman Catholic High School v. McCann, 246 Pa. 28 (1914), the facts were strikingly similar, except that in that case there was a specific written contract for new construction. It would seem that whether the work is alteration or new construction makes no difference when the question is as to whether the contract has been "completed". According to the claim, the contract is not completed and

therefore, the three-month period had not run at the time of the filing of the claim.

The second objection attacks the lien on the basis that the claim is in violation of section 2 of the act, 49 PS §24, which provides:

"Nor shall any claim be valid against the estate of an owner, by reason of any consent given by him to his tenant to improve the leased property, unless it shall appear in writing, signed by such owner, that said improvement was in fact made for his immediate use and benefit."

This case does not come within the purview of that section so far as the allegations of the claim are concerned (and we must take these allegations as true on this motion), because it is alleged that J. Ivan Dufur, Jr., was the agent of the owner, and not a tenant.

The third objection is that there were certain lumping charges made in violation of section 11 of the act. It is assumed that the objection refers to those items under material on pages 2, 3, and 4 of the exhibit, where the materials are listed but no itemized prices therefor. Since the contract is on a cost-plus basis, it is, of course, very important that the cost of the materials be itemized. This was not done and, therefore, that part of the claim referred to is stricken. See Romberger v. Bartos, 16 Northamp. 297 (1918), where in a like situation of a claim on an oral contract, certain items were stricken because of indefiniteness. The reasoning of the courts in cases of this kind is set forth very clearly by President Judge Keller, in his opinion in Hamilton v. Means et al., 155 Pa. Superior Ct. 245. The following excerpt from that opinion on page 249 is particularly noteworthy.

"It does not state the days when the respective materials were delivered, or on which the plasterers or laborers worked."

Also see Duplex Electric Co. v. Simons, Brittain & English, Inc., et al., 102 Pa. Superior Ct. 97 (1931) at page 100:

"Although the language of the statute does not expressly say so, a distinction has long been recognized between a claim of a contractor and a claim of a sub-contractor. In the former case, the work done and materials furnished under a special contract with the owner for a stipulated sum need not be itemized *as he has a knowledge of the claim and information is available to him to ascertain if the terms of the contract have been fulfilled:* Brown v. Myers, 145 Pa. 17, 20; Murphy v. Bear, 240 Pa. 448, 451. If the claimant is a sub-contractor, another rule and a different reasoning apply, as there is no privity existing between him and the owner, and the latter would not necessarily have knowledge of how much is justly due, the kind and amount of work done, or the kind and amount of materials furnished. *He is entitled to be informed as to the particulars of the demand so that he may make necessary inquiries to satisfy himself if the amount of the claim is reasonable or excessive:* Chapman v. Faith, 18 Pa. Superior Ct. 578; Dyer v. Wallace, 264 Pa. 169, 179." (Italics supplied.)

Also Diem v. Whirt, 50 Lanc. 259 (1946) at page 260:

"Where the contract is between the claimant and the owner the same particularity as to the kind and amount of materials furnished and the nature or kind of work done and the time when the materials were furnished is not required as in a case involving a sub-contractor and the owner. In Duplex Elec. Co. v. Simons, Brittain & English, Inc., et al., 102 Pa. Superior Ct. 97, it was decided that there was no privity existing between a sub-contractor and the owner and, therefore, the owner must be informed of all particulars of the sub-contractor's demand. . . .

"In the instant case the claim on its face makes out a prima facie case for recovery. In Hamilton v. Means et al., 155 Pa. Superior Ct. 245 (1944), a case involving a sub-contractor, Keller, P. J., in his opinion said: 'It is also true that the defects above mentioned could be raised by way of defense to a writ of scire facias on the claim. But an owner is not obliged to defend a scire facias, prepare an affidavit of defense and go to trial unless the claimant presents a claim, which, on its face, including amendments, makes out a prima facie case for recovery."

Thus we see that the courts approach this matter in a very sensible and practicable fashion. If defendant is given sufficient notice so that he may inquire as to the reasonableness of the charges, then the courts are prone to allow the lien to stand, otherwise, not. Because he was not given the price of these materials or from whom they were procured, defendant has no means of knowledge so that he may determine whether the prices are authentic and reasonable.

The fourth objection was to the fact that the amounts claimed are inconsistent. This objection is not well founded, since the total amount expended for materials and labor furnished was $5,586.01, on which there was a credit of $1,283.92, leaving a claim of $4,302.09. On page four of Exhibit A, the subtotal is $2,670 and on the last page thereof, there is another total of $2,916.01 and adding these two items together we have $5,586.01, which, less the credit, is the total amount claimed.

And now, December 13, 1949, as to (1) the claim filed April 16, 1949, and the lien predicated thereon, the motion to strike off is allowed and the claim and lien are stricken off, and (2) the claim filed May 18, 1949, and the lien predicated thereon, the motion to strike off is allowed insofar as it relates to the materials itemized on pages 2, 3, and 4 of Exhibit A, referred to in the claim, and so much of the claim and liens relating

thereto are hereby stricken off; in all other respects the motion is dismissed. Accordingly, the lien is reduced by the amount of $1,706 to the amount of $2,596.09.