## Fitzpatrick v. Howes

544

*Ross & Smith,* for plaintiff.

*I. J. & D. W. Vanartsdalen,* for defendant.

BIESTER, J., May 21, 1951.—This matter comes before the court as a result of the owner-defendant's motion to strike off the mechanic's lien filed by claimant, John L. Fitzpatrick, trading as L. J. Fitzpatrick & Son. Claimant is a subcontractor, the basis of his claim being labor furnished and materials supplied in connection with the plumbing installed in a new dwelling house on the premises of the owner, Bessie G. Howes, situate in Buckingham Township, Bucks County, Pa. An examination of the pleadings discloses that it is alleged that the work was done and the materials furnished during a period beginning February 17, 1949, and ending July 6, 1949.

On August 5, 1949, claimant caused to be served upon the owner an affidavit of intention to file a mechanic's lien, and such lien claim was filed in the office of the Prothonotary of Bucks County on December 15, 1949. Notice of the fact that such claim had been filed was served upon the owner by the Sheriff of Bucks County on December 23, 1949. On July 17, 1950, the owner filed her motion to strike off the mechanic's lien claim, upon which the court granted a rule and to which plaintiff filed an answer.

On this state of the record the matter came before the court for argument. After argument, but prior to disposition of the rule by the court, claimant filed a petition to amend the claim. To this petition an answer was filed by the owner which contended that the defects in the mechanic's lien claim as filed were of such fatal and substantial nature as not to permit

amendment and reaverring the insufficiency of the notice of intention to file the lien, which notice, of course, would not be subject to amendment.

It is contended that neither the notice of intention to file the lien, nor the mechanic's lien claim itself complies with the requirements enumerated by the Mechanics' Lien Act of the Commonwealth of Pennsylvania of June 4, 1901, P. L. 431, as amended.

Let us first consider the objection raised by defendant as to the form of the notice of intention to file the lien. The applicable section of the Mechanics' Lien Law (section 8, 49 PS §101) provides, inter alia, as follows:

"Any subcontractor, intending to file a claim, must give to the owner written notice to that effect, verified by affidavit, setting forth the name of the party with whom he contracted, the amount alleged to be still due, the nature of the labor or materials furnished, and the date when the last work was done or last materials furnished."

An examination of the claim as filed discloses the following averment as to notice which appears in paragraph 4 of the claim:

"Claimant on August 5, 1949, served upon the said Bessie Howes, owner, a written statement under oath, of Claimant's intention to file a Mechanics' Lien Claim setting forth therein the location of the property, the total amount claimed and the period in which the material and labor was furnished and performed."

Defendant contends that the averment in the lien as to the giving of notice is insufficient in three particulars in that it fails to set forth: (1) The name of the party with whom claimant contracted; (2) the date when the last work was done or last materials furnished, and (3) the nature of the labor or materials furnished.

Although the affidavit of notice is not attached to the claim as filed, a copy thereof is affixed to the motion

to strike off the lien, and since the answer to the motion to strike off the lien admits the correctness of the copy of the notice served upon defendant on August 5, 1949, we can properly regard it as being a part of the record and, therefore, subject to examination in connection with the motion to strike off.

Although we have found no case in which this exact problem has arisen, there is authority for the proposition that when a copy of the notice is annexed to and made a part of the affidavit of defense, defendant may move for a judgment on the whole record and the court is permitted to consider the notice as a part of the record: Cushman on Mechanic's Liens, vol. 1, 366; Benton v. David Berg Distilling Company, 63 Pa. Superior Ct. 412.

A copy of the affidavit of intention as it appears as an exhibit to defendant's motion to strike off the lien, is as follows:

"Exhibit 'A'
"L. J. Fitzpatrick & Son
Plumbing and Heating
Roofing and Spouting
"Southampton, Pa., August 5, 1949.
"Commonwealth of Pennsylvania ⎱ s. s.
County of Bucks ⎰
"Affidavit of Intention
to file Mechanics'
Lien Claim.

"John L. Fitzpatrick, being duly affirmed according to law, deposes and says that he is engaged in the Plumbing Business under the name of J. L. Fitzpatrick & Son, Southampton, Bucks County, Pennsylvania; that he entered into an oral contract with Bernard Dittenhofer, for the installation of the plumbing work in the erection and construction of a new dwelling house on tract of one (1) acre, 84 perches, Wycombe, Buckingham Township, Bucks County,

Pennsylvania, owned by Bessie G. Howes; that pursuant to said contract your deponent furnished plumbing materials and performed labor upon said premises for a total price of Eight Hundred and Twenty Dollars ($820.00); that the first material and labor furnished and performed by your deponent was done on February 17th, 1949; that the last material and labor was furnished and performed July 6th, 1949; that after repeated demands has been made upon Bernard Dittenhofer for payment, no payment has been made, so that the entire contract price of Eight Hundred and Twenty Dollars ($820.00) is presently due and owing; that this affidavit is made and served upon Bessie G. Howes, said owner, by your deponent as subcontractor as notice to her of his intention to file a Mechanics' Lien Claim against said dwelling and lot of land for the above amount, together with interest and costs.

"Affirmed and Subscribed before me
this fifth day of August, 1949.

"JOHN L. FITZPATRICK.

"JULIUS M. CEGILKOWSKI."

Since the above notice did set forth the name of the party with whom claimant contracted and also the date when the last work was done or materials furnished, we are, it appears, limited to a consideration as to whether this notice sufficiently informed the owner of "the nature of the labor or materials furnished". The notice in this regard advises the owner that an oral contract was entered into between claimant and one Bernard Dittenhofer "for the installation of the plumbing work" in the erection of the owner's dwelling house; that pursuant to the contract claimant "furnished plumbing materials and performed labor upon said premises for a total price of Eight Hundred and Twenty Dollars ($820.00)".

The purpose of the notice is to furnish the owner with such information "as would enable the Owner to

examine the building and ascertain with reasonable certainty the quantity, kind and quality of the materials furnished": Breitweiser Lumber Co. v. Wyss-Thalman, 51 Pa. Superior Ct. 83. Its further purpose is to inform the owner of the demand and nature thereof in order that he may require payment by the contractor and on default thereof, withhold the amount from the contract price and thus secure himself against double payment: Cushman on Mechanic's Liens, vol. 1, page 345.

The effect of the notice in the instant case is to inform the owner that claimant has entered into a contract for the installation of the plumbing work and that pursuant to that contract, plumbing materials were furnished and labor performed for the total price of $820. The phrase, the "installation of the plumbing work", is quite unfortunate, for its meaning is doubtful and uncertain. It is not clear whether the contract, by its terms, contemplated labor only to be performed, or whether it included the furnishing of materials. The owner is, of course, informed that materials were furnished and labor performed, but the uncertainty remains whether all of the plumbing material was to be furnished by claimant.

We have carefully examined the case of Mullooly et al. v. Short et al., 365 Pa. 141, which, on first reading, is quite similar to the problem before us. In that case, however, the notice of intention to file stated with particularity that the contract under which the work was done or materials furnished was for the "installation of complete plumbing and heating for entire building at 1316-1318 Fifth Avenue, McKeesport, Pa., including the furnishing of all material, equipment and labor in connection therewith."

The court, in discussing the case, says:

"In the instant case plaintiffs informed defendant Short that they were filing a claim for a specific sum

of money due them for labor and materials used in the installation of all heating and plumbing equipment in the building she had had constructed. This type of labor and material is so readily distinguishable in form, nature and design from any other used in the construction of a building that a requirement of a more detailed description would not only be in conflict with our earlier decisions but would also be of little advantage to the owner. Defendant Short was notified of the cost of the materials and labor for which payment had not been made and was told summarily what comprised these costs. This was sufficient to enable her to determine how much she should withhold from the contractor LeDonne in order to avoid double payments, thereby serving the purposes of the Act of 1901, supra, and was descriptive enough to substantially comply with the requirements of Section 8 of that Act."

We are entirely in accord with the court's expression above and also its citation with approval of the case of American Car & Foundry Company v. Alexandria Water Company, 215 Pa. 520, to the effect that as to the form of the notice, substantial compliance is sufficient and that the rule must not be pushed into such niceties as serve to perplex and embarrass a remedy intended to be simple and summary.

There is, however, a clear distinction between the Mullooly v. Short case and the one now before us, for in the Mullooly case the owner knew that the claim was for all of the labor and materials furnished in connection with the complete plumbing and heating system and that it included the furnishing of all material, equipment and labor in connection therewith, whereas there is no such certainty in the notice given to defendant in the instant case. We do not think it could be said of her, as it could of defendant Short, that the notice afforded her sufficient informa-

tion to assure her that the claim covered all of the materials and labor furnished and performed in connection with the complete installation of the plumbing system.

The proceedings are of such a nature and the remedy so unusual and summary that the statutory proceedings must, in all their requirements, be reasonably complied with. In the instant case we do not believe that the owner was sufficiently informed by the notice to permit her to readily distinguish and identify the items supplied by the subcontractor. We, therefore, find the notice to be defective.

The second objection of the owner is to the effect that the mechanic's lien claim fails to comply with the Mechanics' Lien Law in that the claim lumps the entire amount of materials furnished and labor performed into one figure, said to represent the total amount due.

The Act of June 4, 1901, P. L. 431, sec. 11, as amended (49 PS §53) specifying what should be included in a mechanic's lien claim states that it must set forth "the amount or sum claimed to be due, and the nature or kind of the work done, or the kind and amount of materials furnished, or both; and the time when the materials were furnished, or the work done, or both, as the case may be."

Plaintiff in his claim states that it is for "the sum of $820 for plumbing materials delivered and plumbing work performed in connection with the erection and construction upon said premises of a new dwelling house pursuant to contract between Bernard Dittenhofer, contractor, and the said Bessie G. Howes, owner, claimant performing said plumbing work pursuant to an oral contract with the said Bernard Dittenhofer, contractor."

In the following paragraph it is averred that the work was performed and materials furnished during

the period from February 17, 1949, to and including July 6, 1949.

There are a great many cases on this subject, all of which are reasonably in accord, to the effect that the failure to separate the items of labor and materials and to set forth when the materials were delivered and the days on which the workmen were employed constitutes error: Hamilton v. Means et al., 155 Pa. Superior Ct. 245. See, also, Duplex Elec. Co. v. Simons, Brittain & English Inc., et al., 102 Pa. Superior Ct. 97; Johnson Service Company v. The Fayette Title & Trust Building, 96 Pa. Superior Ct. 535; Dahlhausen, etc., v. Deichelmann, 69 D. & C. 459; Nolan Bros. v. Warren et al., 11 Dist. R. 561.

We do not believe that claimant seriously contends that the averments have been made with sufficient particularity, but does contend that the defect is of such a nature as to permit amendment, and, in accordance with this theory, has presented a petition to the court to permit an amendment to the lien, which amendment, if allowed, would appear to comply in form and substance with the requirements of the act of assembly.

Claimant refers us to section 51 (49 PS §243) of the Mechanics' Lien Act which states, inter alia, that "Such amendment shall be of right, saving intervening rights; except that no amendment of the claim shall be allowed, after the time for its filing has expired, which undertakes to substitute an entirely different property from that originally described in the claim, or a wholly different party as the defendant with whom the Claimant contracted; but the description of the property or the name of such defendant may be amended so as to be made more accurate, as in other cases of amendment. If the names of the owner and contractor be correctly stated and the description of the property be reasonably accurate,

the claim shall be sufficient notice to the owner, purchasers and lien creditors, though it may have to be amended in other particulars."

The construction of this act by our courts is to the effect that in spite of it, the lumping of charges is a substantial error and not a purely formal defect and that being a substantial error, the lien may not be amended after the expiration of the time allowed for filing the claim.

Insofar as the amendment section of the Mechanics' Lien Law extends the right to amend as to matters of substance after the statutory time for filing the lien has expired, it has been repeatedly held to be unconstitutional: Page v. Carr, 232 Pa. 371; McFarland v. Schultz et al., 168 Pa. 634; Sumption v. Rogers, (No. 1), 53 Pa. Superior Ct. 109; Wint Co., Ltd., v. Kurecz et al., 29 Dist. R. 925; Lloyd v. Morrison et ux., 15 D. & C. 777; Brzozowski v. Zaviackas, 63 Pitts. L. J. 627.

The court in Brzozowski v. Zaviackas, supra, in discussing the propriety of amending the lien to correct a substantial error when considered in the light of section 51 of the Mechanics' Lien Act permitting amendments, says:

"It is claimed that that paragraph of the Act of Assembly gives the right to a Mechanic's Lien Creditor to amend his claim at any time in any particular, except as specified in the Act. If that be the construction, then, as in this case, a man who filed his claim within the statutory period without setting forth the facts necessary to give him a valid lien could at any time after the six months has expired amend that claim, or, in effect, file a new claim. I have grave doubts whether that is the intention of the Legislature or the real meaning of that Act of Assembly, but if it is, then I take it that it is such an extension of the provisions of the Mechanics' Lien

Law prior to the adoption of the Constitution of 1873, which would render it special legislation and, therefore, unconstitutional."

In accordance with these authorities we find that the mechanic's lien claim as filed was fatally defective in lumping the materials furnished and labor performed without separating or detailing the items involved, and further that such defect, being substantial in its nature, is not subject to amendment at this time, since the period during which the lien might have been filed has expired.

Now, therefore, May 21st, in accordance with the views herein expressed, the petition for a rule to show cause why the mechanic's lien claim filed in the above case should not be stricken off is made absolute and the claim is directed to be stricken off.

The prayer of the petition for leave to amend is discharged and refused. The costs of this case are to be borne by claimant.